**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00989-CV

---

### FELIX A.  AUZ, Appellant

### V.

### MARIO CISNEROS, Appellee

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-18908**

---

# M A J O R I T Y   O P I N I O N

The only issue sufficiently briefed in this appeal is whether the summary-judgment evidence conclusively proved that the attorney's fees sought by the plaintiff are reasonable and necessary.  Concluding that, under recent precedent from the Supreme Court of Texas, the summary-judgment evidence did not conclusively prove reasonable and necessary fees, we reverse the trial court's judgment and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Mario Cisneros filed suit against appellant/defendant Felix A. Auz asserting a breach-of-contract claim based on a written agreement signed by Cisneros and Auz.  The contract contains the following language:

> Felix A. Auz agrees to pay the full amount of $167,000 by May 31, 2010 to Mario Cisneros.

Auz asserted that he had signed the contract only in his capacity as president of T.C.M.A. Trucking, Inc. (hereinafter the "Company").  According to Auz, the Company is the only party that might be obligated to pay any amount under the contract and the Company already paid in full any amounts that might be owed. Auz took the position he was not a party to the contract and had no liability under it, and also asserted as defenses lack of consideration, accord and satisfaction, duress, estoppel, fraud, statute of limitations, and "[m]istake and [a]ccident." Additionally, Auz asserted counterclaims against Cisneros alleging breach of contract, fraud, malicious prosecution, defamation, violation of Texas Civil Practice and Remedies Code section 12.002, and intentional infliction of emotional distress.[1]

Cisneros filed a motion for summary judgment seeking judgment as a matter of law in his favor on his breach-of-contract claim and his request for reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code section 38.001, which governs recovery of attorney's fees in certain situations. The trial court signed an interlocutory summary judgment granting the motion.

---

[1] The Company filed a petition in intervention, and the trial court signed an order striking it. This order merged into the trial court's final judgment, and the Company appealed, challenging the trial court's intervention ruling.  The Company's appeal is pending in a separate case in this court, *T.M.C.A., Trucking, Inc. v. Cisneros*, Cause No. 14-13-00988-CV.

Cisneros then filed a motion for summary judgment seeking judgment as a matter of law that Auz take nothing as to all of Auz's counterclaims. The trial court granted the motion, and rendered a final judgment granting this relief and rendering judgment in favor of Cisneros on his breach-of-contract claim and request for reasonable and necessary attorney's fees.

## II. ISSUES AND ANALYSIS

### A. Does the summary-judgment evidence conclusively prove Cisneros is entitled to recover $20,250 in reasonable and necessary attorney's fees?

In his fourth appellate issue, Auz asserts the trial court erred in granting Cisneros summary judgment on his request for attorney's fees because the affidavit Cisneros submitted to support his fee request is not legally sufficient.

In his first summary-judgment motion, Cisneros sought judgment as a matter of law in his favor on his request for reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code section 38.001. The only summary-judgment evidence regarding Cisneros's reasonable and necessary attorney's fees is a short affidavit from his trial counsel. In the affidavit, after providing some information about himself, trial counsel testified that he is familiar with the usual, customary fees in Harris County, Texas, for legal services and that his hourly rate is $675 per hour. According to counsel, this hourly rate is customary for experienced litigators practicing at large law firms in Houston, Texas. Cisneros's counsel then generally described the services he had performed in the case by listing eight categories of work. Counsel stated that he is familiar with the legal fees usually and customarily charged for legal services of this type, and based on his knowledge and experience, in his opinion, a fee of $20,250, representing 30 hours of work for this matter, is usual and customary for the type of legal services that counsel performed in this case. Counsel stated that all of the

3

work he performed was reasonable and necessary given the type of litigation involved. Counsel did not submit any time records or other documentary proof as evidence in support of Cisneros's motion for summary judgment as to the fee request.

In his argument under the fourth issue, Auz asserts that Cisnernos's summary-judgment evidence on attorney's fees does not satisfy the requirements established by the Supreme Court of Texas in *El Apple I*. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760–63 (Tex. 2012). Cisneros responds that Auz is complaining of a defect in the form of the attorney's fees affidavit and that Auz failed to preserve error in the trial court by objecting to the award of attorney's fees. But, the complaint is not a complaint regarding the form of an affidavit; rather, Auz complains that Cisneros failed to prove his entitlement to summary judgment in the amount of $20,250 for reasonable and necessary attorney's fees.

Cisneros's motion was a traditional motion for summary judgment, and Auz may make such a complaint for the first time on appeal, despite Auz's failure to submit any evidence in the trial court in an attempt to raise a fact issue on attorney's fees.[2] *See Enzo Investments, LP v. White*, —S.W.3d—,—, 2015 WL 3524461, at *13 (Tex. App.—Houston [14th Dist.] June 4, 2015, pet. filed) (holding that complaint that attorney's fees proof did not satisfy *El Apple I* standards was substantive complaint regarding the sufficiency of the evidence and thus could be raised for the first time on appeal from judgment following a bench trial); *Boyaki v. John M. O'Quinn & Assocs.*, No. 01-12-00984-CV, 2014 WL 4855021, at *15–16 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, pet. filed)

---

[2] The title of Cisneros's first summary-judgment motion indicates that the motion is both a traditional motion and a no-evidence motion. But, we give effect to the substance of the motion, rather than its title or form. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). The substance of the motion is only a traditional motion for summary judgment.

(holding trial court erred in granting summary judgment because the summary-judgment evidence did not conclusively prove reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code section 38.001, given that the evidence did not satisfy the requirements of *El Apple I* and its progeny) (mem. op.); *Schwartzott v. Maravilla Owners Ass'n, Inc.*, 390 S.W.3d 15, 21, n.3 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (concluding that appellant could complain for the first time on appeal about the sufficiency of the evidence supporting an award of reasonable and necessary attorney's fees on summary judgment, even though appellant did not respond to the summary-judgment motion in the trial court).

In part of Cisneros's argument, he also suggests that the *El Apple I* requirements do not apply to this case. *El Apple I* involved claims under the Texas Commission on Human Rights Act, as to which the lodestar method is used in awarding attorney's fees. *See El Apple I, Ltd.*, 370 S.W.3d at 760. One case from this court suggests that the *El Apple I* requirements may not apply to cases in which a party requests attorney's fees under Texas Civil Practice and Remedies Code section 38.001 based on a breach-of-contract claim. *See Concert Health Plan, Inc. v. Houston Northwest Partners, Ltd.*, No. 14-12-00457-CV, 2013 WL 2382960, at *9, n. 17 (Tex. App.—Houston [14th Dist.] May 30, 2013, no pet.) (mem. op.). But, in later cases, the Supreme Court of Texas has held that the *El Apple I* requirements apply to an attorney's fees request under section 38.001 and under other statutes, if the evidence supporting the request "use[s] the lodestar method by relating the hours worked for each of the . . . attorneys multiplied by their hourly rates for a total fee." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). *See City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013); *Enzo Investments, LP*, —S.W.3d at —, 2015 WL 3524461, at *12. In the case under

5

review, Cisneros sought to prove conclusively his entitlement to reasonable and necessary attorney's fees under section 38.001 by submitting an affidavit in which the only attorney who had worked on this case for Cisneros related the number of hours he had worked on the case and multiplied that number by his hourly rate for a total fee. Thus, under binding precedent from the Supreme Court of Texas, this court must apply the *El Apple I* requirements. *See Long*, 442 S.W.3d at 255; *Montano*, 414 S.W.3d at 736; *Enzo Investments, LP*, —S.W.3d at —, 2015 WL 3524461, at *12.

Under section 38.004 of the Civil Practice and Remedies Code, in a proceeding before the court, the trial court "may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence." Tex. Civ. Prac. & Rem. Code Ann. § 38.004 (West, Westlaw through 2013 3d C.S.). Under section 38.003 of the Civil Practice and Remedies Code, "[i]t is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable," and that "[t]he presumption may be rebutted." *Id*. § 38.003 (West, Westlaw through 2013 3d C.S.). In reaching its holding, the *Long* court did not explain how application of the *El Apple I* requirements to attorney's fees requests under Chapter 38 would be consistent with these statutory provisions. *See Long*, 442 S.W.3d at 254–56. Under prior precedent from the Supreme Court of Texas and this court, appellate courts could affirm Chapter 38 attorney's fees awards by presuming that the trial court took judicial notice under section 38.004, even if the party seeking fees did not request judicial notice and even if the trial court did not state that it was taking judicial notice. *See Gill Sav. Ass'n v. Chair King*, 797 S.W.2d 31, 32 (Tex. 1990); *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270, 273 (Tex. App.—Houston [14th Dist.] 1992, writ denied). *See also* Scott A. Brister, *Proof of Attorney's Fees in Texas*, 24

ST. MARY'S L.J. 313, 333–34 (1993) (observing that Chapter 38 allows a trial court to award reasonable fees without any offer of evidence regarding attorney's fees in a proceeding before the court).

In cases in which a party seeking attorney's fees under Chapter 38 submits proof of reasonable and necessary fees by showing the hours worked for each of the attorneys multiplied by the applicable hourly rate for a total fee, the *Long* court has effectively abrogated a number of Texas precedents regarding the application of Chapter 38. *See Long*, 442 S.W.3d at 254–56. Under *Long*, if a party seeking attorney's fees under section 38.001 supports its request with evidence of the hours each of the attorneys worked multiplied by the applicable hourly rate for a total fee, then the *El Apple I* requirements apply to this evidence.[3] *See Long*, 442 S.W.3d at 254–56. It is not our role as an intermediate court of appeals to abrogate or modify precedent from the Supreme Court of Texas; instead, we must apply the *Long* precedent to this case. *See Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). Accordingly, we apply the *El Apple I* requirements. *See Long*, 442 S.W.3d at 255; *Montano*, 414 S.W.3d at 736; *Enzo Investments, LP*, —S.W.3d at —, 2015 WL 3524461, at *12.

Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps. *See El Apple I, Ltd.*, 370 S.W.3d at 760. First, the trial court determines the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. *See id*. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. *See id*. The court then may adjust the base lodestar up or down (apply a multiplier), if relevant factors indicate an adjustment is necessary to reach

---

[3] The *El Apple I* case involved a 2.0 multiplier. *See El Apple I, Ltd.*, 370 S.W.3d at 759, 764. Nonetheless, the *Long* case applied the *El Apple I* requirements to a Chapter 38 case in which the party seeking fees did not request the application of a multiplier. *See Long*, 442 S.W.3d at 255.

a reasonable fee in the case. *See id*.

A party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours. *See id*. at 761. The lodestar method aims to provide a relatively objective measure of attorney's fees. *See id*. at 762. It has been criticized, however, for providing a financial incentive for counsel to expend excessive time in unjustified work and for creating a disincentive to early settlement. *See id*. To avoid these pitfalls, a trial court should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees. *See id*. Charges for duplicative, excessive, or inadequately documented work should be excluded. *See id*. A meaningful review of the hours claimed is particularly important because the usual incentive to charge only reasonable attorney's fees is absent when fees are paid by the opposing party. *See id*.

The starting point for determining a lodestar fee award is the number of hours "reasonably expended on the litigation." *See id*. The attorney's fees evidence should include the basic facts underlying the lodestar. These facts include the following:

(1) the nature of the work,

(2) who performed the services and their rate,

(3) approximately when the services were performed, and

(4) the number of hours worked.

*See id*. at 763. An attorney, of course, could testify to these details, but in all except the simplest cases, the attorney probably would have to refer to some type of record or documentation to provide this detailed level of information. *See id*.

Cisneros's counsel testified that $20,250 was a usual and customary attorney's fee for the type of legal services that he had performed in the case. Counsel based his opinion on a statement that he had worked 30 hours on the case

and on his regular rate of $675 per hour.[4] Counsel testified that 30 hours of work for this matter is usual and customary and that his hourly rate of $675 is customary for experienced litigators practicing at large law firms in Houston, Texas. Counsel provided a general description of eight categories of work he had performed. Even presuming that Cisneros otherwise complied with the *El Apple I* requirements, Cisneros did not comply with the requirement that he present proof as to how much attorney time was devoted to these eight categories. *See id*. at 763. Cisneros did not submit time records or other documentary evidence that might show how much time was expended on the various categories of work. Under *El Apple I*, based on the evidence Cisneros submitted, the trial court could not discern how many hours each of the tasks required or approximately when the services were performed. *See id*. at 763.

Under *El Apple I*, Cisneros failed to submit evidence providing sufficient details of the attorney work performed so that the trial court could make a meaningful review of his fee request. *See Long*, 442 S.W.3d at 255–56; *Montano*, 414 S.W.3d at 735–36; *El Apple I, Ltd.*, 370 S.W.3d at 760–64; *Enzo Investments, LP*, —S.W.3d at —, 2015 WL 3524461, at *12–13; *Boyaki*, 2014 WL 4855021, at *15–16. Therefore, the summary-judgment evidence does not conclusively prove that Cisneros is entitled to summary judgment in the amount of $20,250 for reasonable and necessary attorney's fees. *See Long*, 442 S.W.3d at 255–56; *Enzo Investments, LP*, —S.W.3d at —, 2015 WL 3524461, at *12–13; *Boyaki*, 2014 WL 4855021, at *15–16. The appropriate appellate remedy is to reverse the trial court's judgment as to Cisneros's request for reasonable and necessary attorney's fees and remand for further proceedings regarding this request. *See Montano*, 414 S.W.3d at 737; *El Apple I, Ltd.*, 370 S.W.3d at 760–64.

---

[4] The product of 30 hours multiplied by $675 equals $20,250.

**B.      Has Auz sufficiently briefed his remaining issues?**

In his first issue, Auz asserts the trial court erred in granting summary judgment because the contract on which Cisneros relies is void.   In his second issue, Auz asserts that the trial court erred in granting summary judgment because Auz's affidavit created a fact question regarding payment of the purported contract.   In his third issue, Auz states that the trial court erred in granting summary judgment because Cisneros did not defeat Auz's affirmative defenses.

In his appellate brief Auz makes conclusory statements that

(1) the contract at issue fails on the third and sixth elements for a breach-of-contract claim (according to Auz, these elements are meeting of the minds and consideration);

(2) the trial court erred in granting summary judgment because Auz's affidavit creates a fact issue on payment;

(3) the trial court erred in granting summary judgment because Cisneros did not and cannot defeat Auz's affirmative defenses, including accord and satisfaction, estoppel, duress, fraud, and payment;

(4) the record is clear that fraud and duress were involved in the formation of the voidable contract;

(5) the trial court erred in granting a no-evidence and traditional summary judgment on Auz's counterclaims because Cisneros submitted no evidence to defeat these claims, the trial court's ruling is like a death-penalty sanction, and Auz's evidence raised a fact question; and

(6) when the evidence is considered in a light most favorable to Auz on all challenged elements of the breach-of-contract claim, "[Auz] prevails."

As to these statements, Auz has not provided analysis with citations to the record. Even construing Auz's brief liberally, we cannot conclude he has briefed the first three appellate issues adequately.   *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.).   Because those issues are inadequately briefed, we overrule them.   *See id.*

### III.  CONCLUSION

Auz did not adequately brief his first three issues.  As to the fourth issue, under precedent from the Supreme Court of Texas, the summary-judgment evidence does not conclusively prove that Cisneros is entitled to summary judgment in the amount of $20,250 for reasonable and necessary attorney's fees. Accordingly, we sustain the fourth issue, reverse the part of the trial court's judgment addressing Cisneros's request for reasonable and necessary attorney's fees, and remand for further proceedings regarding this request.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Boyce, J., concurring) (McCally, J. joins both the Majority Opinion and the Concurring Opinion).