**Opinion issued December 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00997-CV

————————————

**PERRY D. FELIX D/B/A HAN'S LASER TECHNOLOGY CO., Appellant**

**V.**

**PROSPERITY BANK, Appellee**

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2013-50191

## MEMORANDUM OPINION

Appellant/cross-appellee Perry D. Felix d/b/a Han's Laser Technology Co.

appeals the trial court's traditional summary judgment in favor of appellee,

Prosperity Bank. In its cross-appeal, Prosperity Bank contends that the trial court

erred in denying its request for an award of attorney's fees.  We affirm in part and reverse in part.

## Background

This dispute concerns allegedly fraudulent wire transfers made from Felix's deposit account with Prosperity Bank.  The account was governed by a written deposit agreement, which, in relevant part, required Felix to examine his statements and comply with specified procedures for reporting unauthorized transactions:

> STATEMENTS – You must examine your statement of account with "reasonable promptness."  If you discover (or reasonably should have discovered) any unauthorized payments or alterations, you must promptly notify us of the relevant facts. If you fail to do either of these duties, you will have to either share the loss with us, or bear the loss entirely yourself (depending on whether we used ordinary care and, if not, whether we contributed to the loss). . . .
>
> You agree that the time you have to examine your statement and report to us will depend on the circumstances, but will not, in any circumstance, exceed a total of 30 days from when the statement is first made available to you.
>
> You further agree that if you fail to report any unauthorized signatures, alterations, forgeries or any other errors in your account within 60 days of when we make the statement available, you cannot assert a claim against us on any items in that statement, and the loss will be entirely yours.  This 60 day limitation is without regard to whether we exercised ordinary care.  The limitation in this paragraph is in addition to that contained in the first paragraph of this section.

In September 2011, Felix identified several purportedly unauthorized outgoing wire transfers occurring between May and December 2010.    Each

2

purportedly unauthorized transaction had been reflected on monthly statements provided by Prosperity Bank in 2010. The latest of the transactions at issue were reflected on the statement dated December 31, 2010.

In December 2013, Felix sued Prosperity Bank, alleging liability for unauthorized wire transfers from his account. Prosperity Bank counterclaimed, alleging breach of the parties' deposit contract and seeking recovery of attorney's fees and costs. Prosperity Bank moved for traditional summary judgment on Felix's claims and its counterclaim, arguing that the undisputed evidence established that Felix failed to timely notify Prosperity Bank of any fraudulent transactions, which, under the parties' deposit agreement, barred Felix from pursuing a claim against Prosperity Bank related to such transactions. The trial court granted summary judgment in favor of Prosperity Bank on all claims, but awarded no damages or attorney's fees. Both parties appealed.

### Felix's Challenge to the Summary Judgment

The appellate record was filed on January 22, 2015. After we extended the briefing deadlines, initial briefing from both parties was due March 25, 2015. Felix failed to fail a brief.

On June 3, 2015, having received no brief from Felix, we notified Felix that failure to file a brief or a motion for extension could lead to dismissal of his appeal.

*See* TEX. R. APP. P. 38.8(a), 42.3(b).  To date, no brief has been filed and Felix has not offered any explanation for failing to file a brief.

Accordingly, we dismiss Felix's appeal for want of prosecution.  *See* TEX. R. APP. P. 38.8(a), 42.3(b).

## Prosperity Bank's Cross-Appeal

Prosperity Bank maintains that the trial court erred in failing to award attorney's fees under Chapter 38 of the Civil Practice and Remedies Code after granting summary judgment in favor of Prosperity Bank on all claims.

### A.     Standard of Review

Whether attorney's fees are available under a particular statute is a question of law for the court.  *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).  We review the trial court's decision whether to award attorney's fees de novo.  *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 546 (Tex. App.—Dallas 2005, no pet.).

### B.     Applicable Law

Texas follows the "American Rule" with respect to attorney's fees.  *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009).  Under that rule, litigants are entitled to recover attorney's fees incurred in prosecuting or defending the present litigation only if specifically provided for by statute or contract.  *Id.*

4

Chapter 38 of the Civil Practice and Remedies Code allows recovery of attorney's fees in breach of contract cases: "A person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015). In order to recover attorney's fees under Chapter 38, a litigant must (1) prevail on a breach of contract claim and (2) recover damages. *MBM Fin. Corp.*, 292 S.W.3d at 666.

### C.    Analysis

#### 1.    *May Prosperity Bank recover attorney's fees under Chapter 38?*

Prosperity Bank's counterclaim alleges that Felix breached the parties' contract by suing Prosperity Bank despite his agreement that he could not assert a claim against Prosperity Bank if he failed to report unauthorized transactions within 60 days of when Prosperity Bank made available a statement reflecting such transactions. Prosperity Bank sought and the trial court granted summary judgment in favor of Prosperity Bank. Thus, Prosperity Bank prevailed on a contract claim against Felix.

Ordinarily, it is not possible to recover attorney's fees under Chapter 38 without recovering *some* damages. *MBM Fin. Corp.*, 292 S.W.3d at 666; *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (holding that neither party was entitled to attorney's fees under

5

Chapter 38 where one party did not have a valid breach of contract claim and other party was not awarded any damages on its valid breach of contract claim); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (plaintiff not entitled to recover attorney's fees under Chapter 38 where jury awarded zero damages to plaintiff on its breach of contract claim). Nevertheless, Prosperity Bank maintains that it is entitled to an award of attorney's fees under Chapter 38 despite not being awarded any economic damages because it obtained enforcement of a material contract right—the covenant not to sue—and thus obtained relief of some value sufficient to support an award of attorney's fees under Chapter 38.

This Court previously has held that a judgment requiring specific performance of a material contract right is an award of value that will support an award of attorney's fees under Chapter 38 in the absence of a monetary damage award. *Boyaki v. John M. O'Quinn Assocs., PLLC*, No. 01–12–00984–CV, 2014 WL 4855021, at *13–14 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, pet. denied) (mem. op.) (holding that judgment requiring specific performance of material contract right in a Rule 11 agreement is an award of value sufficient to support Chapter 38 attorney's fees); *see also Woody v. J. Black's, L.P.*, No. 07–12–00192–CV, 2013 WL 5744359, at *6 (Tex. App.—Amarillo Oct. 18, 2013, pet. denied) (mem. op.) (concluding that "injunction enforcing specific performance of a contract is something of value" sufficient to support Chapter 38 attorney's fees);

6

*Albataineh v. Eshtehardi*, No. 01–12–00671–CV, 2013 WL 1858864, at *1–2 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet.) (mem. op.) ("[J]udgment requiring specific performance of a material contract right can support an award of attorney's fees."). These cases recognize that "an injunction to enforce specific performance under a contract is of pecuniary value if that enforcement prevents actual loss to the aggrieved party." *Boyaki*, 2014 WL 4855021, at *14.

That is the case here. The trial court's summary judgment effectively enforced specific performance of Felix's covenant not to sue, preventing actual loss to Prosperity Bank. Accordingly, following these authorities, we agree that the summary judgment in Prosperity Bank's favor is sufficient to support an award of attorney's fees under Chapter 38.

### 2. *Did Prosperity Bank's summary-judgment evidence conclusively prove the amount of its reasonable and necessary attorney's fees?*

"Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps." *El Apple I Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *Id.* (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). "The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995)).

7

"[G]eneralities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the tasks and hours were reasonable and necessary under the lodestar method." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). "Sufficient evidence includes, at a minimum, evidence 'of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required.'" *Id.*; *see also El Apple*, 370 S.W.3d at 763–64 (concluding that testimony failed to prove reasonableness and necessity of fees where it was limited to total number of hours worked and generalities regarding discovery and length of trial). Because the trial court disposed of the case via summary judgment, we may award attorney's fees only if the summary judgment evidence conclusively establishes the amount of attorney's fees to which Prosperity Bank is entitled. *See Auz v. Cisneros*, --- S.W.3d ---, No. 14–13–00989–CV, 2015 WL 5156878, at *4 (Tex. App.—Houston [14th Dist.] August 27, 2015, no pet. h.).

The Texas Supreme Court recently reiterated the standard for legally sufficient evidence supporting an award of attorney's fees. *Long*, 442 S.W.3d at 255–56. In *Long*, the sole support for requested attorney's fees was an attorney's affidavit providing the respective hourly rates for two attorneys and indicating that one had spent 300 hours on the case and the other had spent 344.50 hours on the case. *Id.* at 255. The affidavit went on to state that the case had involved

"extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial, and that litigating the matter required understanding a related suit that settled after ten years of litigation." *Id.* However, the affidavit did not inform the trial court of how much time was spent on specific tasks. *Id.* The Texas Supreme Court reversed and remanded for redetermination of attorney's fees, explaining that "without any evidence of the time spent on specific tasks, the trial court had insufficient information to meaningfully review the fee request." *Id.*

Here, Prosperity Bank attempted to establish its reasonable and necessary attorney's fees through two attorney affidavits. The affidavit of William Huttenbach reports that he charges $345 per hour and describes work that he or members of his firm performed in generalities similar to that rejected by the Texas Supreme Court in *Long*. The affidavit of Charles J. Pignuolo reflects that he charges $300 per hour and describes work performed in generalities again similar to that rejected by the *Long* court. These affidavits provide some evidence of Prosperity Bank's attorney's fees, but Prosperity Bank's proof is not conclusive. *See Long*, 442 S.W.3d at 255–56; *El Apple*, 370 S.W.3d at 763–64. Without any evidence of the time spent on specific tasks—through the affidavits or otherwise— we cannot meaningfully review the fee request. *Id.*

Because the summary-judgment evidence does not conclusively prove the amount of Prosperity Bank's reasonable and necessary attorney's fees, we cannot render judgment for attorney's fees. Instead, the appropriate appellate remedy is to reverse the trial court's judgment as to Prosperity Bank's request for reasonable and necessary attorney's fees and remand for further proceedings regarding this request. *Id.*; *Auz*, --- S.W.3d ---, 2015 WL 5156878, at *4.

## Conclusion

We reverse the trial court's summary judgment with respect to attorney's fees and remand for the trial court to determine the amount of reasonable and necessary attorney's fees to be awarded to Prosperity Bank under Chapter 38. We affirm the trial court's summary judgment in all other respects.

Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.