**Dismissed and Majority and Dissenting Opinions filed June 12, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00558-CV

---

**MIKE HALL CHEVROLET, INC. D/B/A AUTONATION CHEVROLET HIGHWAY 6 F/K/A CHAMPION CHEVROLET HIGHWAY 6, AUTONATION, INC., AUTONATION ENTERPRISES, INCORPORATED, AN DEALERSHIP HOLDING COMPANY, AND AUTO HOLDING LLC F/K/A AUTO HOLDING CORPORATION, Appellants**

**V.**

**ALEXANDRA DEIKE, F/K/A ALEJANDRA VALDEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED, ARIANA DOMINGUEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUBEN DOMINGUEZ, DECEASED, GREGORIO ARMANDO DOMINGUEZ, EILEEN MEJIA, ANDREA ZERTUCHE, JOSE GUERRERO, EDUWIGES GUERRERO, DONALD CLARK, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF LINDA ANN HARTON CLARK, DECEASED, JENNIFER CLARK AND JOANNA CLARK, Appellees**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 388367-401**

---

### DISSENTING OPINION

Five entities, defendants below, have perfected this interlocutory appeal. They challenge the trial court's denial of their motion to compel the plaintiffs and intervenors to arbitrate. Though the motion was the second motion to compel arbitration in the case, it differed from the first in big ways by featuring new parties, new grounds, new arguments, and new evidence. Despite these big differences, the claimants argue the second motion to compel arbitration was really just a motion for reconsideration of the first. So, they say, the trial court's denial of the second motion provides no path to appeal. The substance of the two motions vary in such fundamental ways that the second cannot fairly be characterized as a motion to reconsider the denial of the first. Therefore, this court has jurisdiction over this appeal under section 51.016 of the Texas Civil Practice and Remedies Code. Rather than recognize this jurisdiction and decide this appeal on the merits, the majority dubs the second motion a motion to reconsider the denial of the first motion and on that basis dismisses the appeal for lack of jurisdiction. I respectfully dissent.

## I. THE JURISDICTIONAL ISSUE AS TO THE SECOND MOTION'S SUBSTANCE

Appellants/defendants Mike Hall Chevrolet, Inc. d/b/a AutoNation Chevrolet Highway 6 f/k/a Champion Chevrolet Highway 6, AutoNation, Inc., AutoNation Enterprises, Incorporated, AN Dealership Holding Company, and Auto Holding LLC f/k/a Auto Holding Corporation (collectively the "Dealership Parties") seek to appeal the trial court's July 2017 order denying their motion to compel arbitration of various tort claims against them (the "Second Motion"). In the Second Motion, the Dealership Parties asked the trial court to compel arbitration as to the claims of all of the plaintiffs and intervenors, namely: appellees Alexandra Deike, f/k/a Alejandra Valdez, individually and on behalf of the Estate of Rosa Elvia Guerrero, Deceased, Ariana Dominguez, individually and

2

on behalf of the Estate of Ruben Dominguez, Deceased, Gregorio Armando Dominguez, Eileen Mejia, Andrea Zertuche, Jose Guerrero, Eduwiges Guerrero, Donald Clark, Individually and as Independent Executor of the Estate of Linda and Harton Clark, Deceased, Jennifer Clark, and Joanna Clark (collectively, the "Claimants"). In May 2012, Mike Hall Chevrolet, Inc. d/b/a AutoNation Chevrolet Highway 6 f/k/a Champion Chevrolet Highway 6, AutoNation, Inc. ("Mike Hall Chevrolet") filed a motion to compel arbitration of some of the Claimants' tort claims against it, and Mike Hall Chevrolet amended and supplemented this motion (the "First Motion") before the trial court denied it in June 2013.

The only statute that might provide this court with jurisdiction over the Dealership Parties' appeal is section 51.016 of the Texas Civil Practice and Remedies Code, under which a person in a matter subject to the Federal Arbitration Act may appeal to the court of appeals from an interlocutory order "under the same circumstances that an appeal from a federal district court's order . . . would be permitted by 9 U.S.C. Section 16."[1] Title 9, section 16 of the United States Code provides that an appeal may be taken from a district court's order "(A) refusing a stay of any action under section 3 of this title, [or] (B) denying a petition under section 4 of this title to order arbitration to proceed."[2] Each of the Dealership Parties is a person in a matter subject to the Federal Arbitration Act, and the Dealership Parties timely perfected appeal from the trial court's order denying the Second Motion.

Nonetheless, the Claimants have moved to dismiss, arguing that this court lacks appellate jurisdiction because the Second Motion's substance amounts to a motion for the trial court to reconsider its denial of the First Motion. A motion to reconsider the denial of a motion to compel arbitration does not extend the twenty-

---

[1] Tex. Civ. Prac. & Rem. Code § 51.016 (West, Westlaw through 2017 1st C.S.).

[2] 9 U.S.C. § 16(a). (West, Westlaw through P.L. 115-140).

day deadline for perfecting an appeal, and no statute provides for an interlocutory appeal from the denial of a motion to reconsider the trial court's denial of a motion to compel arbitration.[3]

Courts are to give effect to the substance of a motion rather than its title or form.[4] If the trial court denies a motion to compel arbitration and if a second motion's substance is just a request that the trial court reconsider its denial of the first motion, then no interlocutory appeal is available from an order denying the second motion.[5] So, if the Second Motion's substance is nothing but a request that the trial court reconsider its denial of the First Motion, then this court should dismiss this appeal for lack of jurisdiction.[6] But, if the Second Motion's substance forms a distinct motion to compel arbitration that includes "new matter" not contained in the First Motion, then this court has jurisdiction over the Dealership Parties' interlocutory appeal from the order denying the Second Motion.[7]

The majority concludes that this court must determine whether the substance of the Second Motion differs from the substance of all arguments asserted in respect of the First Motion, including arguments advanced in opposition to the First Motion.[8] Under this court's binding precedent, the proper comparison is between the substance of the First Motion and the substance of the Second

---

[3] *See Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 11 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Lucchese, Inc. v. Solano*, 388 S.W.3d 343, 348–49 (Tex. App.—El Paso 2012, no pet.).

[4] *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *Auz v. Cisneros*, 477 S.W.3d 355, 359 n.2 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

[5] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

[6] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

[7] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

[8] *See ante* at 4 n.1, 10, 15.

Motion.[9]

## II. BIG DIFFERENCES BETWEEN THE FIRST AND SECOND MOTIONS

The Second Motion does not purport to be a motion to reconsider the denial of the First Motion. So, at the threshold, we must recognize as not on point cases involving second motions in which the movant expressly requested the trial court to reconsider the denial of a prior motion to compel arbitration.[10] A review of the two motions in today's case reveals new matter in the Second Motion and fundamental differences between the two motions.

## A. Asking the Trial Court to Compel Arbitration of Claims Against Four Additional Defendants

Under the clear wording of the First Motion, Mike Hall Chevrolet was asking the trial court to compel arbitration of various tort claims asserted against Mike Hall Chevrolet and to stay or dismiss the pending litigation based on the court's order compelling arbitration. The First Motion does not include a request that the trial court compel arbitration of any claims asserted against any of the four defendants that are companies affiliated with Mike Hall Chevrolet, namely AutoNation, Inc., AutoNation Enterprises, Incorporated, AN Dealership Holding Company, and Auto Holding LLC f/k/a Auto Holding Corporation (collectively the "Affiliates").

---

[9] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12 (reviewing the substance of the two motions to compel arbitration to determine if the latter motion was a distinct motion to compel arbitration); *see also City of Magnolia 4A Economic Dev. Corp. v. Smedley*, 533 S.W.3d 297, 301–02 (Tex. 2017) (per curiam) (describing the inquiry as a determination of "whether the substance of the two relevant motions differed substantially" and basing the court's determination on "the substance of the two motions"); *Lucchese, Inc.*, 388 S.W.3d at 348–49 (comparing the substance of the two motions to compel arbitration to determine if the latter motion contained "new matter").

[10] *See Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2015, no pet.); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 594 (Tex. App.—El Paso 2012, no pet.).

The First Motion consists of three components: (1) an original motion filed in May 2012, (2) an amended motion filed in February 2013, along with a plea to the jurisdiction as to certain claims, and (3) a supplement to the amended motion to compel filed in March 2013. Under the unambiguous language of each of these constituent documents, Mike Hall Chevrolet is the only movant, and claims against Mike Hall Chevrolet are the only claims for which arbitration was sought. Claims against the Affiliates play no part in the First Motion.

In another filing not part of the First Motion, Mike Hall Chevrolet, the only movant, asked the trial court to sign an order ruling on the First Motion. In the factual background section of this motion, Mike Hall Chevrolet asserts that "Under the Arbitration Agreement, the [Affiliates] are included within the definition of "Dealership," which includes "its employees, agents, successors, assigns, subsidiaries, parents[,] and affiliates." Mike Hall Chevrolet then states without explanation that "The [Affiliates] join in the Motion to Compel Arbitration filed by [Mike Hall Chevrolet]." Mike Hall Chevrolet and the Affiliates had the same counsel of record in the trial court. Though the majority suggests that the substance of this language may be a supplement to the First Motion to add a request by the Affiliates that the trial court compel arbitration as to claims asserted against the Affiliates, the plain text does not convey this meaning.[11] Rather, at most, this sentence reflects that the Affiliates join with Mike Hall Chevrolet as movants in the First Motion requesting that the trial court compel arbitration as to certain claims asserted against Mike Hall Chevrolet, not as to any claims against the Affiliates. Parties sometimes ask the trial court to award relief in favor of another party with whom those parties are affiliated.[12] Under the unambiguous language of

---

[11] *See ante* at 12–13.

[12] *See, e.g., Armour Pipeline Co v. Sandel Energy, Inc.*, No. 14-16-00490, 2018 WL 1546697, at *10 (Tex. App.—Houston [14th Dist.] Mar. 28, 2018, no pet. h.) (noting that the intervenors,

the trial court's order denying the First Motion, the trial court treated the First Motion as a motion by Mike Hall Chevrolet only, seeking to compel arbitration of claims against Mike Hall Chevrolet.[13] In the appeal from this order, the en banc majority of this court repeatedly and consistently characterized the First Motion as a motion by Mike Hall Chevrolet only without mentioning any request in the motion that the trial court compel arbitration as to claims against other defendants.[14]

The substance of the First Motion is a request that the trial court (1) compel arbitration of various tort claims asserted against Mike Hall Chevrolet and (2) stay or dismiss the pending litigation based on the trial court's order compelling arbitration. The substance of the First Motion does not include a motion to compel arbitration as to any claims against the Affiliates.

Mike Hall Chevrolet and the Affiliates expressly stated in the Second Motion that they were the parties filing the motion, and they expressly requested that the trial court compel arbitration of various claims against them. Under the unambiguous language of the trial court's order denying the Second Motion, the trial court treated the Second Motion as a motion by both Mike Hall Chevrolet and the Affiliates.[15] Under the Second Motion's clear text, both Mike Hall Chevrolet and the Affiliates sought to compel arbitration of tort claims asserted against any one of them. Thus, the substance of the Second Motion includes new matter not contained in the First Motion — requests to compel arbitration as to claims against

___

shareholders of a corporate party to the litigation, asked the trial court to grant a declaratory judgment that the corporation owns a royalty interest). Depending on the context, there may be standing or other issues with such requests.

[13] *See Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (requiring appellate courts to give effect to unambiguous language of trial-court orders) (per curiam).

[14] *See In re Estate of Guerrero*, 465 S.W.3d 693, 697, 699, 704, 708 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc).

[15] *See Wilde,* 949 S.W.2d at 332.

each of the Affiliates. And, equally important, in the Second Motion the movants sought to compel arbitration of many claims not falling within the scope of the First Motion: the claims against the Affiliates. The new parties and the new claims make the substance of the motions different.

**B.     Asking the Trial Court to Compel Arbitration of Claims by the Mejia Intervenors and the Clark Intervenors**

The Claimants fall into three groups: (1) appellees/plaintiffs Alexandra Deike, f/k/a Alejandra Valdez, individually and on behalf of the Estate of Rosa Elvia Guerrero, Deceased, Ariana Dominguez, individually and on behalf of the Estate of Ruben Dominguez, Deceased, and Gregorio Armando Dominguez (collectively, the "Guerrero Plaintiffs"); (2) appellees/intervenors Eileen Mejia, Andrea Zertuche, Jose Guerrero, and Eduwiges Guerrero (collectively, the "Mejia Intervenors"), and (3) appellees/intervenors Donald Clark, Individually and as Independent Executor of the Estate of Linda and Harton Clark, Deceased, Jennifer Clark, and Joanna Clark (collectively, the "Clark Intervenors").

The sum and substance of the First Motion was a request that the trial court compel arbitration of only the claims asserted against Mike Hall Chevrolet by the Guerrero Plaintiffs. In the First Motion, Mike Hall Chevrolet did not seek to compel arbitration of any claims asserted by the Mejia Intervenors or the Clark Intervenors.

The sum and substance of the Second Motion was a request by Mike Hall Chevrolet and the Affiliates that the trial court compel arbitration of tort claims asserted against any one of them by any of the Claimants, including the Mejia Intervenors and the Clark Intervenors. In short, the substance of the Second Motion includes new matter not contained in the First Motion (requests to compel arbitration as to claims asserted by the Mejia Intervenors and the Clark Intervenors) and requests to compel arbitration of many claims not included within

8

the scope of the First Motion (the claims asserted by the Mejia Intervenors and the Clark Intervenors). New matter and new claims means substantive differences between the First Motion and the Second Motion.

## C. Asking the Trial Court to Compel Arbitration Based on Three Pieces of Evidence Not Part of the First Motion

In the First Motion, Mike Hall Chevrolet asked the trial court to compel arbitration of certain claims based only on unauthenticated copies of the Arbitration Agreement, the Buyer's Order and Invoice, the Motor Vehicle Retail Installment Sales Contract, and the Security Agreement (the "Four Documents"). Some of these documents contain an arbitration provision. In the Second Motion, Mike Hall Chevrolet and four other movants asked the trial court to compel arbitration of more claims based on different evidence — the affidavit of Peggy Perng, excerpts from the deposition of Ariana Dominguez, and excerpts from the deposition of Peggy Perng. Perng's affidavit contained copies of the Four Documents, and Perng authenticated the copies and established them as business records of Mike Hall Chevrolet.

In the *Branch Law Firm* case, this court, facing a similar fact pattern, concluded that additional evidence impacts the substance of the motion, making it distinct.[16] The *Branch Law Firm* court refused to hold that the subsequent motion to compel (the third in that case) was a motion to reconsider in part because in the third motion the movants relied upon additional evidence not tendered in support of their second motion.[17] Just as in the *Branch Law Firm* case, the substance of the Second Motion includes new matter not contained in the First Motion — three new pieces of evidence not submitted in support of the First Motion. Different evidence points to a substantive difference between the First Motion and the

---

[16] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

[17] *See id.*

9

Second Motion.

The majority concludes that today's case differs from the *Branch Law Firm* case because the First Motion and the Second Motion contain the "same documents"; whereas, the motions in the *Branch Law Firm* case contained different documents.[18] The Second Motion contains three documents absent from the First Motion — (1) the Perng affidavit, (2) excerpts from the Dominguez deposition, and (3) excerpts from the Perng deposition. Notably, Mike Hall Chevrolet and the Affiliates offered Perng's affidavit testimony to authenticate the Four Documents. If these documents had been part of the First Motion, as the majority suggests, this court, sitting en banc, would not have affirmed the denial of the First Motion based solely on Mike Hall Chevrolet's failure to authenticate the Four Documents.[19] The Second Motion is not based on the same documents, and the *Branch Law Firm* case is on point.[20]

## D. Asking the Trial Court to Compel Arbitration of Claims Based on Additional Grounds and Arguments

In the Second Motion, Mike Hall Chevrolet and the Affiliates sought to compel arbitration of tort claims asserted against any one of them by any of the Claimants based the following grounds and arguments that Mike Hall Chevrolet did not assert in the First Motion:

(1) The claims against the Affiliates fall within the scope of the Arbitration Agreement executed by Rosa Guerrero and Mike Hall Chevrolet because the definition of "Dealership" includes the Affiliates, who are parent companies or affiliated companies of Mike Hall Chevrolet.

(2) Despite ample opportunity to deny the genuineness of Guerrero's

---

[18] *See ante* at 10.

[19] *See In re Estate of Guerrero*, 465 S.W.3d at 701–05.

[20] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

signature on the documents containing arbitration provisions, the Guerrero Plaintiffs have not done so; instead, they have argued that the Dealership Parties have not proved that Guerrero executed the documents. But, under Texas law, the trial court must accept the instruments into evidence as fully proved because the Guerrero Plaintiffs have not presented evidence disputing the genuineness of Guerrero's signature.

(3) The Guerrero Plaintiffs submitted the same Arbitration Agreement into evidence the last time they moved for a continuance of a hearing on the First Motion, and now they are estopped from complaining about the agreement's authenticity.

(4) Through their counsel, in prior hearings, the Guerrero Plaintiffs judicially admitted that Guerrero signed the documents.

(5) The Arbitration Agreement does not fail for want of consideration because the rest of the agreement between Guerrero and Mike Hall Chevrolet provides consideration for the Arbitration Agreement.

(6) The closing documents signed by Guerrero and Mike Hall Chevrolet must be harmonized as a single, unified instrument.

(7) The presence of merger clauses in the Retail Installment Sales Contract and the Security Agreement (neither of which contains an arbitration provision) does not invalidate the Arbitration Agreement.

(8) The Mejia Intervenors' claims fall within the scope of the Arbitration Agreement.

(9) Alternatively, Mejia and Zertuche should be compelled to arbitrate their claims because the claims are factually intertwined with the arbitrable claims asserted by the Guerrero Plaintiffs and Guerrero's parents.

(10) The Clark Intervenors should be compelled to arbitrate their claims because the claims are factually intertwined with arbitrable claims.[21]

Thus, the substance of the Second Motion features new matter not contained

---

[21] On appeal, the Dealership Parties state that they are not challenging the trial court's denial of the Second Motion as to the Clark Intervenors' claims. Nonetheless, this position on appeal does not change the Second Motion's substance or the First Motion's substance, which is the focus of this court's inquiry to determine whether the court has appellate jurisdiction. *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

11

in the First Motion — ten new arguments, including new grounds. New arguments and new grounds mean substantive differences between the First Motion and the Second Motion.

The majority concludes that the jurisdictional inquiry is whether the substance of the Second Motion differs from the substance of all arguments asserted in respect of the First Motion, including arguments advanced in opposition to the First Motion.[22] But, under this court's binding precedent, we must compare the substance of the First Motion with the substance of the Second Motion.[23] According to the majority, if the Second Motion contains an argument absent from the First Motion, this argument is not a new matter or a new argument if the other side of this argument was raised by a nonmovant in opposition to the First Motion.[24] By applying this new legal standard, the majority goes against this court's precedent in the *Branch Law Firm* case.[25] In this recent precedent, this court took a simple, straightforward approach, reasoning that the latter motion to compel arbitration stood apart as a distinct motion because it was based on new evidence and because it contained a single new argument that the movant had not waived arbitration.[26] The *Branch Law Firm* court compared the substance of the two motions and counted the argument against waiver as a new argument, even though the nonmovant had raised waiver of arbitration in opposition to the first

---

[22] *See ante* at 4 n.1,10, 15.

[23] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12 (reviewing the substance of the two motions to compel arbitration to determine if the latter motion was a distinct motion to compel arbitration); *see also Smedley*, 533 S.W.3d at 301–02 (describing the inquiry as a determination of "whether the substance of the two relevant motions differed substantially" and basing the court's determination on "the substance of the two motions"); *Lucchese, Inc.*, 388 S.W.3d at 348–49 (comparing the substance of the two motions to compel arbitration to determine if the latter motion contained "new matter").

[24] *See ante* at 4 n.1,10, 15.

[25] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

[26] *See id.*

motion to compel arbitration.[27]

Under this court's binding precedent in the *Branch Law Firm* case, even if a nonmovant raised the converse of one or more of the above-listed arguments in opposing the First Motion, these arguments still amount to new matters because the substance of the First Motion does not include any of these arguments.[28] In any event, some of these arguments were not raised by any of the parties opposing the First Motion.

### III. THE SECOND MOTION: MATERIALLY DIFFERENT FROM THE FIRST

The record contains an ample showing of new arguments and new grounds in the Second Motion and easily clears the *Branch Law Firm* threshold. Yet, the majority concludes that the Second Motion includes no new arguments and no new grounds and therefore reasons that the Second Motion's substance is a motion for reconsideration of the trial court's denial of the First Motion, rather than a new and distinct motion.[29] The record reveals that the Second Motion teems with new matters not present in the First Motion, including the following:

- (1) requests to compel arbitration as to claims against each of the Affiliates,
- (2) requests to compel arbitration as to claims asserted by the Mejia Intervenors and the Clark Intervenors,
- (3) three new pieces of evidence not submitted in support of the First Motion, and
- (4) ten arguments, including new grounds, not found in the First Motion.

These variances make the Second Motion distinct.

---

[27] *See id.*; *Branch Law Firm L.L.P. v. Osborn*, 447 S.W.3d 390, 393 n.7, 394 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[28] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *see also Smedley*, 533 S.W.3d at 301–02; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

[29] *See ante* at 2, 10–11, 15.

As illustrated above, every metric points to clear differences in the substance of the two motions, differences that should foreclose the majority's conclusion that the Second Motion's substance is a motion for reconsideration of the trial court's denial of the First Motion.[30] By reaching the opposite result, the majority not only tramples on the *Branch Law Firm* precedent but also stirs up a conflict with our holding that the addition of new evidence in a subsequent motion to compel to correct a defect in the movants' proof and the addition of a single new argument sufficed to make the subsequent motion a distinct and separate motion to compel arbitration rather than a motion to reconsider the trial court's denial of the second motion to compel.[31] Under this binding precedent, the substance of the Second Motion stands as a distinct motion to compel arbitration based on the many new matters in the Second Motion, including new evidence and new arguments.[32] The majority's analysis creates a lack of uniformity in this court's decisions.[33]

The majority asserts that the *Branch Law Firm* case does not govern today's decision because the trial court in today's case could have denied the First Motion on substantive grounds rather than based on the failure to authenticate the Four Documents, whereas the trial court in the *Branch Law Firm* case denied the first motion to compel based solely on the movant's failure to provide the entire

---

[30] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

[31] *See id.*

[32] *See id.* The majority notes that, in the first appeal in the *Branch Law Firm* case, this court stated that its affirmance of the trial court's denial of the first motion to compel arbitration did not procedurally bar the movants from being heard on the merits of a second motion to compel arbitration in the trial court. *See ante* at 9; *Branch Law Firm L.L.P.*, 447 S.W.3d at 391. The court in the first *Branch Law Firm* appeal did not state that the substance of any subsequent motion to compel would be a distinct motion to compel or that the movants would have the ability to take an interlocutory appeal from the denial of a subsequent motion regardless of its substance. *See id.* Thus, this statement regarding the preclusive effect of the first appeal in the *Branch Law Firm* case does not make that case distinguishable from today's case.

[33] *Compare ante* at 7–12, *with Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12.

agreement containing the arbitration provision.[34] This characterization is not accurate. In *Branch Law Firm* the nonmovant asserted various substantive arguments, including waiver of arbitration, in opposition to the first motion to compel, and the trial court did not base its denial solely on the movant's failure to provide the entire agreement containing the arbitration provision.[35] The *Branch Law Firm* case is on point.

We serve justice best when we deliver it consistently, by treating parties in like circumstances alike. In light of this court's binding precedent and the "new matter" not contained in the First Motion, as detailed above, the Second Motion cannot fairly or reasonably be deemed only a request that the trial court reconsider its denial of the First Motion.[36] Nor can this analysis support a dismissal for lack of appellate jurisdiction. This court has jurisdiction over the Dealership Parties' interlocutory appeal from the order denying the Second Motion.[37]

## IV. CASES INVOLVING SUCCESSIVE PLEAS TO THE JURSIDICTION

The majority cites several cases involving attempts to prosecute an interlocutory appeal from an order on a second plea to the jurisdiction or a second motion to dismiss under Chapter 150 of the Civil Practice and Remedies Code. Presuming for the sake of argument that these cases apply to interlocutory appeals from an order on a second motion to compel arbitration, these cases show jurisdiction over this appeal.

In *City of Magnolia 4A Economic Development Corporation v. Smedley*, the Supreme Court of Texas held that a second plea to the jurisdiction sufficiently differed from the first plea to the jurisdiction to make it a distinct plea and not a

---

[34] *See ante* at 11 & n.3.

[35] *See Branch Law Firm L.L.P.*, 447 S.W.3d at 393–94 & n.7.

[36] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

[37] *See Branch Law Firm L.L.P.*, 532 S.W.3d at 11–12; *Lucchese, Inc.*, 388 S.W.3d at 348–49.

motion to reconsider the denial of the first plea.[38] Though the parties and the governmental-immunity arguments were the same in both pleas, the high court concluded that the second plea was sufficiently different because it was based on new evidence and added an evidentiary challenge to the plaintiff's pleadings.[39] The two pleas in the *Smedley* case were more similar to each other than the First Motion and the Second Motion.[40] Thus, if the *Smedley* precedent applies to today's case, that precedent shows that this court has appellate jurisdiction.[41]

In *City of Houston v. Estate of Jones*, the Supreme Court of Texas held that the court of appeals lacked jurisdiction over an interlocutory appeal from a trial court's order denying a second plea to the jurisdiction that differed from the first plea only in that it raised one new argument.[42] Similarly, in *Jacobs Field Services v. Ware*, this court held that it lacked jurisdiction over an interlocutory appeal from a trial court's order denying a motion to dismiss under Chapter 150 that differed from the first motion only in that it raised a single new argument.[43] These holdings are not on point in today's case in which the distinctions between the First Motion and the Second Motion include different parties, different claims, and different evidence.[44] The majority's failure to recognize these differences skews both the court's jurisdictional analysis and the outcome of this appeal.

---

[38] 533 S.W.3d 297, 301–02 (Tex. 2017) (per curiam).

[39] *See id.*

[40] *See id.*

[41] *See id.*

[42] *See* 388 S.W.3d 663, 666–67 (Tex. 2012) (per curiam).

[43] *See* No. 14-17-00543-CV, 2017 WL 5618192, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 21, 2017, no pet.) (mem. op.) (per curiam).

[44] *See id.*

## V. CONCLUSION

This court has jurisdiction over the Dealership Parties' interlocutory appeal from the order denying the Second Motion. The motion-for-reconsideration analysis the Claimants urge and the majority embraces does not defeat appellate jurisdiction because the Second Motion contains a slew of new matters not contained in the First Motion — (1) requests to compel arbitration as to claims against each of the Affiliates, (2) requests to compel arbitration as to claims asserted by the Mejia Intervenors and the Clark Intervenors, (3) three new pieces of evidence not submitted in support of the First Motion, and (4) ten arguments, including new grounds, not found in the First Motion. Looking to substance and applying binding precedent, this court should conclude that the Second Motion stands as a distinct motion to compel arbitration that includes "new matter" not present in the First Motion rather than a request that the trial court reconsider its denial of the First Motion. And, this court should deny rather than grant the Claimants' motion to dismiss for lack of appellate jurisdiction.


/s/     Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).

17