**Dismissed and Majority and Dissenting Opinions filed June 12, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00558-CV

---

**MIKE HALL CHEVROLET, INC. D/B/A AUTONATION CHEVROLET HIGHWAY 6 F/K/A CHAMPION CHEVROLET HIGHWAY 6, AUTONATION, INC., AUTONATION ENTERPRISES, INCORPORATED, AN DEALERSHIP HOLDING COMPANY, AND AUTO HOLDING LLC F/K/A AUTO HOLDING CORPORATION, Appellants**

**V.**

**ALEXANDRA DEIKE, F/K/A ALEJANDRA VALDEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED, ARIANA DOMINGUEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUBEN DOMINGUEZ, DECEASED, GREGORIO ARMANDO DOMINGUEZ, EILEEN MEJIA, ANDREA ZERTUCHE, JOSE GUERRERO, EDUWIGES GUERRERO, DONALD CLARK, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF LINDA ANN HARTON CLARK, DECEASED, JENNIFER CLARK AND JOANNA CLARK, Appellees**

---

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 388367-401**

---

# MAJORITY OPINION

In a single issue with multiple subparts, an automobile dealership and its affiliates bring this second interlocutory appeal challenging the trial court's denial of their second amended motion to compel arbitration pursuant to the Federal Arbitration Act (FAA). This court affirmed the trial court's first order denying the dealership's first motion to compel arbitration. *See In re Estate of Guerrero*, 465 S.W.3d 693 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). The dealership's second motion makes no new arguments and seeks the same relief; therefore, we conclude that it is in substance a motion for reconsideration of the trial court's earlier order denying arbitration, rather than a new and distinct motion. Because the FAA does not provide for an interlocutory appeal of a motion to reconsider a trial court's order denying arbitration, we dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case began as a probate action after an automobile accident on March 23, 2009, in which Rosa Elvia Guerrero and her minor son died when Guerrero's vehicle, a 2003 Chevrolet Trailblazer, crossed into oncoming traffic and collided with other vehicles. *See Guerrero*, 465 S.W.3d at 698. Two passengers who were also in the Trailblazer were injured in the accident, and the driver of one of the other vehicles, Linda Clark, was killed. *Id.*

Alexandra Deike, one of Guerrero's daughters, sued Michelin North America, Inc., and a tire service company that is no longer a party, alleging that the automobile accident was caused by a failed tire. *Id.* Deike, suing individually and as administratrix of Guerrero's estate, was joined by family members Ariana Dominguez, individually and on behalf of the estate of Guerrero's minor son, and Gregorio Dominguez (the Guerrero parties). *Id.* Rosa Guerrero's parents, Jose and

Eduwiges Guerrero (the parents), intervened in the suit, as did the passengers in the Trailblazer, Eileen Mejia and Andrea Zertuche (the passengers), and the family and representative of the estate of Linda Clark (the Clark parties). *See id*. at 698–99.

As the litigation progressed, Michelin designated Mike Hall Chevrolet, Inc. (Champion), the dealership that sold Rosa Guerrero the used Trailblazer in 2007, as a responsible third party. *Id.* at 699. Michelin later designated Champion's affiliates AutoNation, Inc., AutoNation Enterprises, Inc., AN Dealership Holding Corporation, and Auto Holding Corporation (the AutoNation entities) as additional responsible third parties. Eventually, the AutoNation entities also were named as defendants. *Id.*

In 2012, Champion filed a motion to compel arbitration as to the Guerrero parties based on an arbitration agreement allegedly executed by Rosa Guerrero as one of four sales documents executed in connection with her purchase of the Trailblazer. Champion later amended its motion to add a plea to the jurisdiction as to some of the plaintiffs' claims. *See id.* The trial court held a hearing on Champion's amended motion and rejected Champion's jurisdictional challenge. Champion then supplemented its motion to compel arbitration to reassert that an arbitration agreement existed, the Guerrero parties' claims were within the scope of the arbitration agreement, and Champion sought arbitration of "all claims which are asserted by, or derivative of, Rosa Guerrero, Ruben Dominguez, and Ariana Dominguez." *Id.*

In response, the Guerrero parties argued that the four sales documents could not be harmonized because two of the documents contained substantially different arbitration clauses, the other two lacked arbitration clauses but did contain merger clauses, and there was no way to assess which of the four documents controlled because Champion had failed to fully comply with the trial court's directive to

3

provide a corporate representative to testify about these agreements. To support these arguments, the Guerrero parties cited to and attached as evidence the depositions of Champion's corporate representatives Peggy Perng and Cory Schwertner, as well as other depositions and documents. The Guerrero parties also argued that: the arbitration agreement lacked consideration; even if there were consideration for the arbitration agreement, only Rosa Guerrero's claims could be subject to arbitration because she was the only signatory and there is no indication or evidence that she signed on behalf of any others; and Champion had waived the right to compel arbitration. In a supplemental response, the Guerrero parties further argued that Champion failed to tender an admissible agreement and failed to prove that Rosa Guerrero executed an arbitration agreement.[1]

The passengers and parents also filed a response, even though they were not specifically named in Champion's motion to compel arbitration, because some of their claims were derivative of Rosa Guerrero's claims. The passengers and parents attached some of the same evidence and made many of the same arguments as the Guerrero parties. They also objected to the four sales documents on which Champion relied as unauthenticated and hearsay.

The trial court held another hearing on June 25, 2013, after which it signed an order denying the first motion. *Id.* The trial court's order did not state a basis for its ruling. *Id.*

Champion filed an interlocutory appeal of the trial court's denial of its motion to compel arbitration pursuant to the FAA. *Id*. at 697. In an en banc opinion, a majority of this court held that the trial court did not abuse its discretion in denying

---

[1] These arguments were presented to the trial court in response to Champion's first motion to compel, though the dissent characterizes the second motion's discussion of them as "new matter" not previously raised.

4

Champion's motion because Champion did not establish the existence of an arbitration agreement. *Id.* at 708. Specifically, this court concluded that because Champion wholly failed to authenticate the arbitration agreement or any of the sales documents it attached to its motion, there was no evidence of an agreement to arbitrate. *Id*. at 705. This court also rejected Champion's arguments that the Guerrero parties judicially admitted that Rosa Guerrero signed the arbitration agreement and that the Guerrero parties waived their objection to the admissibility of the arbitration agreement and other sales documents offered by Champion by failing to obtain a ruling on their objection. *Id*. at 706, 708. Accordingly, this court affirmed the trial court's order denying arbitration without considering the substance of Champion's issues. *See id*. at 709.

Back in the trial court, on April 20, 2017, Champion filed "Defendants' Second Amended Motion to Compel Arbitration and for Stay or Dismissal of Litigation." The trial court denied Champion's second motion by written order signed July 12, 2017, again without specifying the basis for its ruling. This appeal followed.

## II. ANALYSIS

On appeal, Champion and the AutoNation entities present a single issue with multiple subparts, arguing that: (1) the arbitration agreement between the Guerrero parties and Champion is a valid contract; (2) the Guerrero parties' claims fall within the scope of the arbitration agreement; (3) the passengers' and parents' claims fall within the scope of the arbitration agreement; and (4) the arbitrable claims take priority over non-arbitrable claims, which must be stayed.

5

The Guerrero parties, the parents, and the passengers have filed briefs in response.[2] Additionally, the Guerrero parties assert that this court lacks jurisdiction over the appeal because the second motion to compel arbitration is in substance a motion for reconsideration, and the FAA does not authorize an interlocutory appeal of a motion to reconsider a denial of a motion to compel arbitration. We agree with the Guerrero parties that we lack jurisdiction and therefore dismiss the appeal.

## A.      Jurisdiction

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding)). We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Our interlocutory jurisdiction is controlled by the substance and function of the order being appealed. *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."); *Mercer v. Band*, 454 S.W.2d 833, 835 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ) ("A motion's substance is to be gleaned from the body of the instrument and its prayer for relief.").

---

[2] As explained in *Guerrero*, Champion initially argued that the arbitration agreement applied to not only the Guerrero parties, but also the passengers and the parents (defined collectively by the dissent as "the Mejia Intervenors"), and the Clark parties (defined by the dissent as "the Clark Intervenors"). *See* 465 S.W.3d at 701–02. Champion and the AutoNation entities abandoned any claim that the Clark parties are not bound by the arbitration agreement. Consequently, the Clark parties have not filed a brief in this appeal.

Section 51.016 of the Texas Civil Practice and Remedies Code provides that in a matter subject to the FAA, a party may appeal from an interlocutory order of a district court "under the same circumstances that an appeal from a federal district court's order . . . would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code § 51.016. Section 16 of the FAA provides that an appeal may be taken from:

> (1) an order—
>> (A) refusing a stay of any action under section 3 of this title,
>>
>> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>>
>> (C) denying an application under section 206 of this title to compel arbitration,
>>
>> (D) confirming or denying confirmation of an award or partial award, or
>>
>> (E) modifying, correcting, or vacating an award;
>
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
>
> (3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

Section 16 refers only to orders denying an application to compel arbitration and not to orders denying motions to reconsider the denial of a motion to compel arbitration. *See id*. Courts specifically addressing the issue have held that the FAA does not authorize an interlocutory appeal of a motion to reconsider. *See, e.g.*, *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2015, no pet.) ("Under both the FAA and the [Texas Arbitration Act], the denial of a motion to compel arbitration is immediately appealable, but the denial of a motion to reconsider the denial of a motion to compel arbitration is not immediately

7

appealable."); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 594 (Tex. App.—El Paso 2012, no pet.) (holding that appellant's appeal of order denying a motion to reconsider denial of motion to compel arbitration "is not an appealable order under Section 16 of the FAA and Section 51.016"). Therefore, if Champion and the AutoNation entities' second motion to compel arbitration is in substance a motion to reconsider, as the Guerrero parties argue, then we lack jurisdiction over this interlocutory appeal.

**B.      The Second Motion to Compel Arbitration**

In this interlocutory appeal, Champion and the AutoNation entities argue that this court has jurisdiction because they have timely appealed the trial court's denial of their second motion to compel arbitration, a distinct motion that is not a motion for reconsideration. The Guerrero parties respond that the trial court's order denying the second motion to compel arbitration denies a motion that, although not titled a motion for reconsideration, is in substance merely a motion to reconsider that is not immediately appealable under the FAA.

The Guerrero parties argue that the second motion to compel arbitration is substantively a motion for reconsideration because the second motion requests the same relief and is based on the same arbitration agreement as the first motion. According to the Guerrero parties, the second motion merely added affidavits to authenticate the alleged arbitration agreement and cure the evidentiary defects in the first motion. Consequently, the Guerrero parties maintain, this court has no jurisdiction to consider another version of Champion's First Motion to Compel Arbitration "based upon the same agreements and seeking the same relief." *See Brand FX*, 458 S.W.3d at 201–02 (holding that court of appeals could not consider new evidence submitted in support of motion to reconsider motion to compel arbitration based on same arbitration agreement and requesting same relief); *see also*

*Nabors Well Servs. Co. v. Aviles*, No. 06-10-00018-CV, 2010 WL 2680087, at \*1–2 (Tex. App.—Texarkana 2010, no pet.) (dismissing appeal of trial court's denial of amended motion to compel arbitration that was in substance a motion for reconsideration of trial court's earlier order that did not extend appellate timetable and was thus untimely).

Champion and the AutoNation entities respond that this court's precedent is contrary to the Guerrero parties' arguments and authorities, citing to *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2016, pet. denied), and *Garg v. Pham*, 485 S.W.3d 91 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In *Branch Law Firm*, this court considered whether it had jurisdiction over a second appeal after remand from the trial court's denial of a motion to compel arbitration contained in a master settlement agreement (MSA). *See* 532 S.W.3d at 7. In the first appeal, a majority of this court held that the trial court did not abuse its discretion in denying the motion to compel, when the movants submitted to the trial court only a partial and redacted copy of the MSA. *See id.* This court affirmed the trial court's first order without prejudice to the movants' ability to be heard on the merits of a subsequent motion to compel. *Id.* at 8. Back in the trial court, the movants filed a second motion to compel which attached the entire MSA but did not include the exhibits to the MSA. *Id.* The trial court denied the second motion, but told the movants to "go ahead and file a third motion." *Id.* at 9. The movants then filed a third motion to compel attaching the entire MSA and its exhibits, and also included a new section arguing that they had not waived their right to seek arbitration. *Id.* That motion was also denied. *Id.* at 9–10.

On appeal, this court considered whether the third motion to compel was a distinct motion or merely a motion to reconsider the denial of the movant's second

motion to compel. *See id.* at 10–11. After surveying the authorities cited by the parties, this court determined that the movants' third motion to compel was a distinct, new motion that included, for the first time, the entirety of the settlement agreement with exhibits—the omission of which initially prevented the trial court from making the threshold determination of the merits of the movants' first and second motions. *See id.* at 9, 11; *see also Branch Law Firm v. Osborn*, 447 S.W.3d 390, 397–98 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting that absent the entire agreement the courts could not properly determine whether a valid arbitration agreement existed and whether the nonmovant's claims fell within its scope). In addition, this court noted that the third motion included a new argument on waiver of arbitration, the parties had not raised waiver arguments during the hearing on the second motion, and the trial court stated during the hearing that waiver was "another" reason for denying the third motion. 532 S.W.3d at 11–12. Therefore, this court held that it had jurisdiction over the trial court's denial of the third motion to compel arbitration and proceeded to consider the merits. *Id.* at 12.

Champion and the AutoNation entities contend that the procedural history in the case mirrors that in *Branch Law Firm*. According to Champion and the AutoNation entities, the second motion to compel arbitration is a distinct motion because it added the AutoNation entities to the style of the motion and submitted business records affidavits to cure the authentication objections.

The result in *Branch Law Firm* does not control our disposition of the issue. Unlike *Branch Law Firm*, Champion and the AutoNation entities make no new arguments in the second motion to compel arbitration that were not previously argued by the parties or considered by the trial court.

More importantly, in *Branch Law Firm* this court did not have before it the entire agreement on which the movants relied. *See id*. at 7. Here, unlike in *Branch*

*Law Firm*, Champion has provided the same documents and urged the same arguments in its first motion to compel as in the second motion to compel. *See Guerrero*, 465 S.W.3d at 697–98. We affirmed the trial court's denial of the first motion on the grounds that Champion failed to authenticate the four documents, but because the trial court did not state a basis for denying the first motion and made no fact findings on the record, we do not know which of the many arguments asserted by the parties formed the basis for the trial court's denial. The trial court could have concluded, for example, that the four sales documents on which Champion relied could not be harmonized to give effect to an arbitration agreement, or that the claims of the Guerrero parties, the passengers, and the parents were not within the scope of the arbitration agreement, or that Champion waived its right to arbitrate. *See id.* at 701–02.[3]

Champion and the AutoNation entities' second motion merely formally adds the AutoNation entities to the style of the case and attaches evidence to authenticate the same arbitration agreement that Champion relied on in the first motion to compel. Champion and the AutoNation entities cite no authorities to support their contention that the addition of new parties is sufficient to constitute a new and distinct motion, and we have found none. Courts have repeatedly held that merely asserting new arguments or presenting new evidence that could have been presented to support previously requested relief on the same grounds is insufficient to constitute a new and distinct motion. *See, e.g.*, *Brand FX*, 458 S.W.3d at 201–02; *Nabors Well Servs.*, 2010 WL 2680087, at *1; *see also Jacobs Field Servs. v. Ware*, No. 14-17-00543-CV, 2017 WL 5618192, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 21, 2017, no pet.) (mem. op.) (per curiam) (distinguishing *Branch Law Firm* and holding that

---

[3] Had the trial court expressly ruled that Champion's First Motion to Compel was denied because Champion failed to authenticate the documents, indicating that it did not reach the merits of the motion, this case might present a scenario more akin to *Branch Law Firm*.

even with the inclusion of an additional argument, a second motion to dismiss an expert report under Chapter 150 of the Texas Civil Practice & Remedies Code was substantively a motion to reconsider the first motion and dismissing interlocutory appeal); *AXA Fin., Inc. v. Roberts*, No. 03-07-00079-CV, 2007 WL 2403210, at *6–7 (Tex. App.—Austin Aug. 23, 2007, no pet.) (mem. op.) (dismissing appeal from denial of motion to reconsider when movants attached new evidence to authenticate evidence previously offered to support arbitration but failed to demonstrate due diligence in obtaining the evidence, urged no new grounds, and did not request or obtain leave to file additional evidence).

Assuming that the addition of new parties could be a reason to distinguish a second motion to compel arbitration from the first motion in some circumstances, it is not a persuasive reason in this case. As Champion and the AutoNation entities acknowledge, the AutoNation entities were added to the lawsuit and made defendants in 2013. Although Champion filed the first motion on February 5, 2013, the trial court did not rule on the motion until June 25, 2013, after the AutoNation entities had been made defendants and filed answers in which they asserted their right to arbitration.

In addition, Champion sought to hasten a ruling on its motion by filing a "Motion to Enter Order on Arbitration" in May 2013. In this motion Champion argued that while the motion to compel arbitration was under advisement: (1) Michelin had added the AutoNation entities as responsible third parties; (2) the plaintiffs had added claims against the AutoNation entities; and (3) the AutoNation entities had answered. Moreover, Champion argued that "[u]nder the Arbitration Agreement, the AutoNation Defendants are included within the definition of 'Dealership,' which includes 'its employees, agents, successors, assigns, subsidiaries, parents and affiliates.'" Champion then concluded: "[T]he AutoNation

12

Defendants join in the Motion to Compel Arbitration" filed by Champion. Yet, Champion and the AutoNation entities, who were represented by the same counsel, offer no explanation as to why the AutoNation entities were not formally included in Champion's first motion to compel arbitration before the trial court ruled on it, but any assertion that the AutoNation entities are "new parties" is at best disingenuous.

The dissent concludes that the "plain text" of the May 2013 motion indicates only that the AutoNation entities join in Champion's request that the court rule on Champion's motion to compel arbitration, while in contrast, the "clear text" of the second motion to compel arbitration "requests to compel arbitration as to claims against each of the [AutoNation entities]." We note that in the second motion, other than identifying the AutoNation entities in the introduction and prayer, the substance of the argument made concerning the AutoNation entities is that they are either parents or affiliates of Champion and therefore "are included in the Arbitration Agreement" under the definition of "Dealership." There is no difference between the two requests.

Champion and the AutoNation entities' reliance on *Garg v. Pham* is also misplaced. In *Garg*, the trial court denied the defendants' motion to compel arbitration after defense counsel failed to appear for the hearing on the motion, and instead of seeking an interlocutory appeal, the defendants filed a motion for reconsideration, which the trial court granted. *See* 485 S.W.3d at 99–100. The trial court then denied the motion to compel a second time. *Id.* at 99. On appeal, the plaintiff argued that this court lacked jurisdiction over the appeal because the deadline for the defendants to file their notice of appeal ran from the date of the trial court's first order denying the motion to compel arbitration rather than the second order. *Id.* at 100. This court disagreed and held that the appellate timetable ran from

13

the second order denying the motion to compel, making the interlocutory appeal timely. *Id.* at 101. The court analogized the trial court's grant of the defendants' motion for reconsideration to the grant of a motion for new trial, as the trial court "explicitly agreed to 're-hear' the motion to compel." *Id.* at 100–01. Unlike this case, the *Garg* defendants were not appealing an order on a motion for reconsideration, but an order on a second motion to compel arbitration after the trial court granted their motion for reconsideration, a ruling Champion and the AutoNation entities did not seek or obtain. Moreover, the *Garg* court "agree[d] that . . . the trial court's order on a motion for reconsideration is not appealable." *Id.* at 100.

Finally, although not cited by the parties, we find two cases from the Supreme Court of Texas instructive on the issue of distinguishing an amended motion from a motion for reconsideration for jurisdictional purposes generally. In *City of Houston v. Estate of Jones*, the supreme court held that the court of appeals lacked jurisdiction over an interlocutory appeal from a trial court's order denying an amended plea to the jurisdiction that raised a new argument but did not assert a new ground of recovery. *See* 388 S.W.3d 663, 666–67 (Tex. 2012) (per curiam). The supreme court concluded that the appeal from the denial of the amended plea rather than the initial plea was untimely because the amended plea's new argument was "form without substance" and that the remainder of the plea was essentially no different than the earlier plea. *See id.* at 667. The supreme court reasoned that "[a]llowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the statute's purpose of promoting judicial economy." *Id.* (alteration in original) (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex. 2001)).

At the other end of the spectrum, the supreme court recently held that a second plea to the jurisdiction was a substantially different motion even though it was

14

"grounded in many of the same underlying jurisdictional theories." *See City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 301–02 (Tex. 2017) (per curiam). The first plea was a Rule 91a motion to dismiss challenging the plaintiff's pleadings. *Id.* The second plea was a summary judgment motion, an evidence-based challenge. *Id.* The court pointed out that the two motions were different in both substance and procedural nature, though both addressed the concept of jurisdiction. *Id.* at 302. The movant's second plea, however, included new evidence that "affirmatively negated elements of [the nonmovant's] claims" and included "extensive evidence that the trial court considered for the first time." *Id.* Thus, the supreme court held that the second plea "was not a mere motion for reconsideration, but rather a distinct motion" for which interlocutory appeal was available. *Id.*

Applying *Jones* and *Smedley* here, we observe that the substance and procedural nature of the relevant motions in this case are exactly the same: in both motions, Champion and the AutoNation entities seek to compel the parties to arbitration based on the same sales documents and the same arguments previously considered and rejected by the trial court. *See id.* at 301–02 (analyzing the substance and procedural nature of the movants' first and second motions).[4] Even Champion and the AutoNation entities do not contend that any new arguments or grounds were presented to the court.

The second motion may be more thoroughly written, but more words do not

---

[4] For the same reason, our holding does not "trample" on this court's precedent in *Branch Law Firm*, but is consistent with this court's recognition that that when determining its jurisdiction over an interlocutory appeal, we must look to the substance of a motion to compel arbitration to determine if it is a distinct motion or merely a motion to reconsider the denial of an earlier motion to compel. *See* 532 S.W.3d at 10–12. The dissent reaches the opposite conclusion by incorrectly focusing on each "metric" of the two motions rather than the substance of the arguments presented to the trial court, as *Smedley* and *Jones* instruct.

equal more substance. *See Jones*, 388 S.W.3d at 667 (holding that amended plea which made a new argument but asserted no new grounds was substantively a motion to reconsider). To hold otherwise would ignore the substance of the motions in favor of a particular result. Although a presumption exists favoring agreements to arbitrate under the FAA, no corresponding presumption attaches to the right to interlocutory appeal. *See CMH Homes*, 340 S.W.3d at 451 (noting that "the Legislature in enacting section 51.016 did not intend to make all interlocutory orders under the FAA appealable, only those permitted by section 16 of the FAA"). Accordingly, we hold that trial court's order denying the second motion to compel arbitration is not a new and distinct motion to compel arbitration, but rather an interlocutory order denying a motion to reconsider that is not appealable under the FAA. *See* 9 U.S.C. § 16(a); Tex. Civ. Prac. & Rem. Code § 51.016; *Brand FX*, 458 S.W.3d at 201.

### III. CONCLUSION

We grant the Guerrero parties' motion to dismiss and dismiss this appeal for lack of jurisdiction.


/s/     Ken Wise
          Justice



Panel consists of Chief Justice Frost and Justices Jamison and Wise (Frost, C.J., dissenting).

16