

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00388-CV

**HARLANDALE INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

**JASMINE ENGINEERING, INC.**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI02459
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Irene Rios, Justice

Delivered and Filed:  October 31, 2018

AFFIRMED

In this interlocutory appeal, Harlandale Independent School District challenges the trial court's denial of its second plea to the jurisdiction. The District presents three issues asserting the trial court erred in denying its second plea because: (1) the District is immune from appellee's request for a judicial determination of liability for breach of contract; (2) the trial court previously dismissed the appellee's claim for declaratory relief; and (3) the appellee's live pleadings do not support a claim for declaratory relief. We affirm the trial court's order.

**BACKGROUND**

On February 9, 2018, appellee Jasmine Engineering, Inc. sued the District asserting claims arising from the District's termination of a Professional Services Agreement for Consulting Services (PSA) entered into between the District and Jasmine Engineering on December 6, 2012. In a letter dated January 24, 2018, the District informed Jasmine Engineering that the PSA was terminated without cause; however, Jasmine Engineering alleged the PSA required cause to terminate. In its petition, Jasmine Engineering: (1) asserted the District's immunity from suit was waived under section 271.152 of the Texas Local Government Code; (2) alleged a cause of action for breach of contract; and (3) sought a declaratory judgment. In addition, Jasmine Engineering sought to recover attorney's fees under sections 38.001 and 37.009 of the Texas Civil Practice and Remedies Code and section 271.153 of the Texas Local Government Code.

On April 3, 2018, the District filed its first plea to the jurisdiction acknowledging its immunity from suit was waived under section 271.152 of the Texas Local Government Code. The District asserted, however, that its immunity was waived only for relief recoverable under section 271.153 which did not include declaratory relief or attorney's fees under sections 38.001 and 37.009. Jasmine Engineering filed a response asserting the declaratory relief it sought was incidental to the contractual relief it sought. After a hearing, the trial court granted the District's plea and dismissed Jasmine Engineering's claim for declaratory relief and its request for attorney's fees pursuant to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code. The trial court also ordered Jasmine Engineering to replead its claim for breach of contract to expressly comply with sections 271.152 and 271.153 of the Texas Local Government Code.

In response to the court's order, Jasmine Engineering filed an amended petition. In the amended petition, Jasmine Engineering alleges only a breach of contract claim and a request for attorney's fees under section 271.153 of the Texas Local Government Code.

On May 18, 2018, Jasmine Engineering filed a motion for partial summary judgment as to liability, requesting the trial court to conclude as a matter of law that the District breached the PSA by terminating the PSA without notice and an opportunity to cure and by failing to pay Jasmine Engineering for all services actually performed and all expenses actually incurred prior to the termination. In response to Jasmine Engineering's motion, the District filed a second plea to the jurisdiction asserting Jasmine Engineering's motion for partial summary judgment sought the same type of declaratory relief that the trial court dismissed in granting the District's first plea. Jasmine Engineering filed a reply asserting it was not precluded from seeking a partial summary judgment as to liability under rule 166a of the Texas Rules of Civil Procedure. After a hearing, the trial court denied the District's second plea, and the District filed this interlocutory appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* at 663.

## DISCUSSION

In this case, the District's second plea does not challenge Jasmine Engineering's pleadings asserting the District's immunity is waived under section 271.152 for Jasmine Engineering's breach of contract claim. Nor does the District challenge the existence of jurisdictional facts to

support the breach of contract claim alleged by Jasmine Engineering. Instead, the District challenges Jasmine Engineering's motion seeking a partial summary judgment as to liability.

Assuming, without deciding, the District could properly challenge Jasmine Engineering's motion by filing a plea to the jurisdiction, we reject the District's contention that a motion for partial summary judgment on liability is an improper procedural vehicle for determining the District's liability for the breach of contract claim. Rule 166a(a) expressly recognizes that a summary judgment "may be rendered on the issue of liability alone although there is a genuine issue as to [the] amount of damages." TEX. R. CIV. P. 166a(a); *Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 100 (Tex. App.—Dallas 2009, pet. denied) ("A party seeking to recover upon a claim may move for summary judgment in his favor upon all or any part thereof."); *see also City of Magnolia 4A Economic Dev. Corp. v. Smedley*, 533 S.W.3d 297, 300 (Tex. 2017) (citing *City of Hous. v. Estate of Jones*, 388 S.W.3d 663, 665 (Tex. 2002) and noting the trial court's order in that case granted "partial summary judgment on the issue of liability, implicitly denying the City's plea" asserting immunity from suit); *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840-43 (Tex. 2010) (addressing merits of trial court's ruling on plaintiffs' motion for summary judgment asserting local governmental entity was liable for breach of contract); *City of Lancaster v. White Rock Commercial, LLC*, No. 05-17-00583-CV, 2018 WL 3968484, at *1, 7 (Tex. App.—Dallas Aug. 20, 2018, no pet.) (holding city waived immunity from suit under section 271.152 and trial court did not err in granting plaintiff's motion for partial summary judgment on liability). We also note "[w]hether a party has breached a contract is a question of law for the court, not a question of fact for the jury, when the facts of the parties' conduct are undisputed or conclusively established." *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010); *see also Benavides v. Benavides*, No. 04-11-00252-CV, 2011 WL 5407493, at *1 (Tex. App.—San Antonio Nov. 9, 2011, pet. denied) (mem. op.) ("When the facts surrounding

performance of an unambiguous contract are undisputed, the determination of whether a party has breached the contract is a question of law for the court and not a question of fact for the jury."); *Pinnacle Anesthesia Consultants, P.A.*, 309 S.W.3d at 99 ("A defendant's improper termination of a contract is a breach of the contract as a matter of law."). And, "[q]uestions of law are appropriate matters for summary judgment, including partial summary judgment." *Tri-Cty. Elec. Coop., Inc. v. GTE Sw. Inc.*, 490 S.W.3d 530, 546 n.8 (Tex. App.—Fort Worth 2016, no pet.) (rejecting characterization of motion for partial summary judgment as a pleading seeking declaratory judgment relief); *see also Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999) ("Rule 166a provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue.").

In support of its argument that Jasmine Engineering's motion for partial summary judgment is an improper procedural tool for resolving whether the District breached the PSA, the District primarily relies on this court's holdings in *City of Pearsall v. Tobias*, No. 04-15-00302-CV, 2016 WL 1588400 (Tex. App.—San Antonio Apr. 20, 2016, no pet.), and *Lower Colorado River Auth. v. City of Boerne, Tex.*, 422 S.W.3d 60 (Tex. App.—San Antonio 2014, pet. dism'd). In those decisions, however, this court simply held that when a local governmental entity's immunity is waived under section 271.152, thereby allowing a plaintiff to pursue a breach of contract claim, the local governmental entity's immunity is not also waived for a claim for declaratory relief. We did not suggest a plaintiff could not pursue a motion for partial summary judgment in an effort to establish the local governmental entity breached the contract as a matter of law.

The District also contends the trial court's order granting its first plea precludes Jasmine Engineering's motion. The trial court's prior order, however, dismissed only Jasmine Engineering's claim for declaratory relief and ordered Jasmine Engineering to replead its claim

for breach of contract to expressly comply with sections 271.152 and 271.153 of the Texas Local Government Code. Jasmine Engineering amended its pleadings to so comply and nothing contained in the trial court's prior order precluded Jasmine Engineering from filing a motion for partial summary judgment.

Finally, the District contends Jasmine Engineering does not have a pleading that would support the relief it seeks. We disagree. Jasmine Engineering has pled a claim for breach of contract. Its motion for partial summary judgment simply seeks a partial summary judgment that the District breached the PSA as a matter of law. Such a partial summary judgment on the issue of liability is expressly authorized by rule 166a(a).

### CONCLUSION

The trial court's order is affirmed.[1]

Marialyn Barnard, Justice

---

[1] We deny Jasmine Engineering's request for appellate sanctions.