# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00707-CV

---

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of Texas, Appellant**

**v.**

**Sacolo, Ltd., Appellee**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003383, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## NO. 03-19-00708-CV

---

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of Texas, Appellant**

**v.**

**CB Restaurants, Inc., Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003381, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Businesses Sacolo, Ltd. and CB Restaurants, Inc. each sued the Comptroller under Texas Tax Code chapter 112 seeking refunds of the fees imposed under Texas Business

and Commerce Code section 102.052 (the sexually-oriented-business tax). In both cases, the Comptroller moved to dismiss under Texas Rule of Civil Procedure 91a, contending that the businesses' pleadings provided no basis in law or fact for the refund requested. The district court held a single hearing for both cases, after which it denied the motions to dismiss. The Comptroller filed these interlocutory appeals from the denials of its motions to dismiss. The businesses moved to dismiss the appeals for want of jurisdiction. Although nothing permits interlocutory appeal of a denial of a 91a motion to dismiss, the Comptroller asserts that the substance of its motions was in part a plea to the jurisdiction, entitling it to an appeal under Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). *See City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) ("This Court considers 'plea to the jurisdiction' not to refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised."); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (stating that because the City's Rule 91a motion challenged the trial court's subject-matter jurisdiction, section 51.014(a)(8) granted the right to an interlocutory appeal of the trial court's denial of the motion).

To determine whether we have jurisdiction over these appeals, we analyze the nature of the Comptroller's 91a motions to determine whether they each constitute a plea to the jurisdiction. In each of these cases, the live petition contains six "Contentions": (1) "Plaintiff is not an SOB [sexually-oriented business] as defined by Texas Business and Commerce Code Chapter 102 and is not required to pay the SOB Fee"; (2) "The Comptroller acted without legal authority by assessing SOB Fee against Plaintiff"; (3) "Plaintiff's books and records are the 'best information available' for calculating the SOB Fee, if an assessment is lawful"; (4) "The SOB Statute and the SOB Fee—as applied—are unconstitutional"; (5) "To the extent the Comptroller

relies on Comptroller Rule 3.722, the Rule is unconstitutional and invalid"; and (6) "Plaintiff claims include interest and penalty on all SOB Fees assessed." Based on these Contentions, which are further explained in the petition, the businesses "aver that they are entitled to a refund . . . pursuant to Tex. Tax. Code §112.052 and based on the fact that: i) Plaintiffs are not SOBs; ii) the SOB Statute is unconstitutional as applied and enforced; and iii) if Plaintiffs are SOBs, the [Comptroller's] underlying assessments are incorrect." The Comptroller agrees that Contentions 1 and 6 are properly before the trial court, but asserts that Contentions 2 through 5 are separate causes of action that should have been dismissed.

The Comptroller's 91a motions do not challenge the trial court's jurisdiction over any of the Contentions. However, the Comptroller asserts in response to the businesses' motion to dismiss this appeal for want of jurisdiction that its jurisdictional arguments are "self-evident" and have been "fully explained" in the Comptroller's reply in support of the 91a motion to dismiss. That reply asserts that Contention 2 (the Comptroller acted without legal authority by assessing the sexually-oriented business fee against the businesses) and Contention 5 (to the extent the Comptroller relies on Comptroller Rule 3.722, the Rule is unconstitutional and invalid) are "not within the waiver of sovereign immunity for tax protest suits." The businesses urge that because the reply was not timely filed under Rule 91a, it cannot be used to add dismissal grounds that were not included in the Comptroller's original motion. More importantly, counsel for the businesses explained in the hearing on the motion to dismiss that their "Contentions" are not independent causes of action, but are instead various explanations for why they are entitled to a partial or complete refund:

The only cause of action here is . . . under Chapter 112, the protest payment

suit. . . . [O]ur pleading . . . doesn't list a bunch of causes of action. It lists it as contentions. These are various allegations of things that the Court should look at. You can look at them as alternative, but [] each one of them, independently, can lead court to say, yeah, you need some or all tax money back if that's unconstitutional, or if this assessment is incorrectly calculated or if you're not a SOB.

We agree with the businesses that their various arguments for why they might succeed in a cause of action seeking a refund under chapter 112 are not separate causes of action that implicate sovereign immunity, but are instead the businesses' allegations as to why they are entitled to a full or partial tax refund. Because neither the pleadings nor the arguments in the 91a motion currently implicate the trial court's subject-matter jurisdiction, the trial court's denial of the 91a motion is not a denial of a plea to the jurisdiction, and we lack jurisdiction over this appeal. Accordingly, we grant Sacolo's and CB Restaurants's motions and dismiss this appeal.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: February 28, 2020

4