

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00551-CV

**THE CITY OF CASTLE HILLS**,
Appellant

v.

Jenifer-Ashley Andrea **ROBINSON**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-22569
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice
Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: February 28, 2024

AFFIRMED

In this interlocutory appeal, the City of Castle Hills challenges the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit). We affirm.

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

BACKGROUND

The appellee, Jenifer-Ashley Andrea Robinson, owns real property ("the property") located in the City of Castle Hills. Robinson acquired an ownership interest in the property in 2008, when its previous owner, Robinson's grandmother, executed a warranty deed conveying the property to Robinson.[2]

The City has a long history of abating nuisances on the property. Periodically, the City determined that the condition of the property violated city ordinances. According to the City, it mailed notices of violations to the property's owner or her representative asking that the violations be corrected. When the violations were not corrected, the City had its work crews perform maintenance on the property, which included taking away trash and debris, removing tree limbs, and cutting high weeds. *See* TEX. HEALTH & SAFETY CODE § 342.006 ("Work or Improvements by Municipality; Notice"). The City attempted to recover its maintenance costs from the property's owner; however, when these efforts failed, the City filed municipal health and safety liens on the property. *See id*. § 342.007 ("Assessment of Expenses; Lien"). In 2008, 2010, 2012, and 2014, the City recorded maintenance liens on the property. In 2017, the City recorded "corrected" maintenance liens for three of the four original maintenance liens.

Although the appellate record does not show when the suit was filed, the City and other taxing authorities sued to recover delinquent taxes on the property. On May 22, 2014, the City and the other taxing authorities filed a second amended petition in the tax suit. On April 17, 2017, Robinson filed an answer in the tax suit. On May 17, 2017, Robinson filed a pleading titled, "Counter-Claim to City of Castle Hills Second Amended Petition." In the counterclaim pleadings,

---

[2]The warranty deed conveyed the property to both Robinson and another family member, who executed a deed disclaiming her interest in the property. The warranty deed also reserved a life estate for Robinson's grandmother, who died in 2009.

Robinson alleged the City had failed to notify her and the previous owners of the property of the code violations and the maintenance liens. Robinson further alleged that her constitutional rights were violated by the City's failure to provide proper notice of the code violations and the liens.

On November 17, 2017, the City filed another suit involving the property—a civil abatement suit. In this suit, the City sought to enforce its municipal ordinances with respect to the property. On February 1, 2019, the trial court signed an agreed order consolidating the tax suit and the civil abatement suit.

On February 8, 2022, the City filed a motion for traditional summary judgment, arguing the trial court lacked subject-matter jurisdiction over Robinson's counterclaims and the relief she requested in her pleadings. The City's summary judgment motion also presented non-jurisdictional grounds for denying Robinson's counterclaims. On July 22, 2022, Robinson filed a response to the summary judgment motion.

After holding a hearing, the trial court denied the City's summary judgment motion. The City appealed.

### APPELLATE JURISDICTION

We first address our jurisdiction over this interlocutory appeal.[3] A party may appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). In section 51.014(a)(8), a plea to the jurisdiction does not refer to a particular procedural vehicle, but rather to the substance of the issue raised. *City of Magnolia 4A Economic Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017). Thus, a plea to the jurisdiction may be raised by way of a summary judgment motion. *Harris Cty. v. Sykes*, 136

---

[3]Robinson filed a motion to dismiss this appeal, arguing this appeal is not an authorized interlocutory appeal under section 51.014 of the Texas Civil Practice & Remedies Code. Because we conclude the trial court's order denying the City's motion for summary judgment is, at least in part, an order denying a plea to the jurisdiction, we deny Robinson's motion to dismiss this appeal as moot. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.").

In an interlocutory appeal under section 51.014(a)(8), an appellate court does not have jurisdiction to consider summary judgment grounds other than those concerning the jurisdictional plea. *Jubilee Academic Ctr., Inc. v. School Model Support, LLC*, No. 04-21-00237-CV, 2022 WL 1479039, at *12 (Tex. App.—San Antonio May 11, 2022, no pet.) (holding the trial court's decision on subject-matter jurisdiction was subject to interlocutory appeal but its non-jurisdictional decision was not). Therefore, to the extent the City's summary judgment motion argued that the trial court lacked subject-matter jurisdiction, it was a plea to the jurisdiction, and we have jurisdiction over the City's jurisdictional complaints in this appeal. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (holding appellate courts have jurisdiction under section 51.014(a)(8) to entertain interlocutory appeals from summary judgment rulings involving challenges to the trial court's subject-matter jurisdiction). But we have no appellate jurisdiction over the City's complaints related to the non-jurisdictional summary judgment grounds presented in its summary judgment motion. *See Jubilee Academic Ctr.*, 2022 WL 1479039, at *12 (holding trial court's refusal to reform a services agreement was not an appealable issue in an interlocutory appeal under section 51.104(a)(8)). Thus, we consider only the City's complaints regarding the trial court's lack of subject-matter jurisdiction. To the extent Robinson's brief raises non-jurisdictional complaints, we conclude they are beyond the scope of this interlocutory appeal, and we dismiss them for lack

of jurisdiction.[4] *See id*. (dismissing a non-jurisdictional issue for lack of jurisdiction in an appeal under section 51.014(a)(8)).

## JURISDICTIONAL COMPLAINTS ON APPEAL

The City's brief does not clearly set forth its contentions and organize them in accordance with its stated issues. At times, it fails to distinguish between jurisdictional and non-jurisdictional arguments. And, as will be discussed in greater detail below, at a critical juncture, the City's brief fails to provide appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i) (stating that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We construe the City's brief as raising five complaints concerning the trial court's lack of subject-matter jurisdiction: (1) the trial court erred in denying its plea to the jurisdiction as to Robinson's fraudulent lien claims because the City enjoys governmental immunity from such claims; (2) the trial court erred in denying its plea to the jurisdiction as to Robinson's fraudulent lien claims because Robinson failed to exhaust her administrative remedies; (3) the trial court erred in denying its plea to the jurisdiction because the City is immune from any request for injunctive relief; (4) the trial court erred in denying its plea to the jurisdiction as to Robinson's section 1983 claims because the City's evidence negated them; and (5) the trial court erred in denying its plea to the jurisdiction because compliance with the statute of limitations is a jurisdictional prerequisite to suing a governmental entity and Robinson filed her counterclaims after the applicable statute of limitations had expired.

---

[4]The non-jurisdictional issues the City presents on appeal are: (1) whether the filing of liens under section 342.001 of the Texas Health and Safety Code violated Robinson's constitutional rights to due process and equal protection; (2) whether a constitutional taking can occur for the abatement of a nuisance; (3) whether constitutional violations can occur for mere negligent actions; (4) whether the actions of a municipal court judge of a court of record is attributable to the City; and (5) whether punitive and other money damages are allowed against the City.

## STANDARD OF REVIEW

We review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction challenges a trial court's subject-matter jurisdiction, which is essential to its power to decide a case. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). A plea to the jurisdiction is based solely on jurisdictional complaints and does not reach the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Courts evaluate subject-matter jurisdiction on a claim-by-claim basis. *Long*, 207 S.W.3d at 338-39.

A summary judgment motion containing a plea to the jurisdiction may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226-27. When the jurisdictional plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause, construing the pleadings liberally in favor of the plaintiff and looking to the pleader's intent. *Id*. at 226. When the jurisdictional plea challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Id*. at 227. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id*. at 228. If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction and must submit the issue to the fact finder. *Id*. at 227–28. Conversely, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## FRAUDULENT LIEN CLAIMS

In its seventh issue, the City argues the trial court erred in denying its plea to the jurisdiction because Robinson's failure to exhaust administrative remedies deprived the trial court of subject-

matter jurisdiction. In some situations, the failure to exhaust administrative remedies deprives a trial court of subject-matter jurisdiction. *See Garcia v. City of Willis*, 593 S.W.3d 201, 211-12 (Tex. 2019) (declining to decide if appellant was "generally required to exhaust his administrative remedies" before filing suit to challenge a city ordinance creating a photographic traffic-signal enforcement system); *Coogan v. Office of the Attorney General*, No. 01-20-00082-CV, 2021 WL 1799825, at \*2 (Tex. App.—Houston [1st Dist.] May 6, 2021, no pet.) (stating that a plaintiff may sue a state agency employer if she exhausts her administrative remedies before suing).

In its eleventh issue, the City argues that the trial court erred in denying its plea to the jurisdiction because it enjoys governmental immunity from Robinson's fraudulent lien claims and Robinson's pleadings did not allege a waiver of governmental immunity as to these claims. *See* TEX. GOV'T CODE § 51.903 ("Action on Fraudulent Lien on Property"). "Sovereign immunity protects the State from lawsuits for money damages." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "Political subdivisions of the state, including cities, are entitled to such immunity—referred to as governmental immunity—unless it has been waived." *Id*. Governmental immunity from suit deprives a trial court of subject-matter jurisdiction. *See id*.

After reviewing Robinson's counterclaim pleadings, we conclude that they do not contain a fraudulent lien claim. *See* TEX. GOV'T CODE § 51.903. Additionally, in her appellate brief, Robinson states that she did not allege a fraudulent lien claim in her pleadings, and the City does not dispute Robinson's statement in its reply brief. Accordingly, we accept the statement as true. *See Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (recognizing that appellate courts have the discretion to accept statements made in a party's brief as true).

Because Robinson did not allege a fraudulent lien claim in her pleadings, we cannot address the City's arguments regarding governmental immunity and exhaustion of administrative remedies.

## INJUNCTIVE RELIEF

In its tenth issue, the City argues the trial court erred in denying its plea to the jurisdiction because it is immune from Robinson's request for injunctive relief. In its summary judgment motion, the City argued:

> In this case, [Robinson] does not seek the invalidation of any ordinance. [Robinson] seeks equitable relief through an injunction, with no underlying claims. As a result, no waiver of immunity exists; thus, the City is entitled to have the equitable claims dismissed.

In both its summary judgment motion and its appellate brief, the City relies on *Becky, Ltd. v. City of Cedar Park*, No. 03-15-00259-CV, 2017 WL 2224527, at *6-7 (Tex. App.—Austin May 19, 2017, no pet.), to support its argument that it is immune from Robinson's request for injunctive relief. In *Becky*, the issue was whether the plaintiff's Uniform Declaratory Judgments Act ("UDJA") claims against the city were barred by governmental immunity. *Id*. The Austin court of appeals explained that the UDJA waives immunity when a plaintiff's claim challenges the validity of a statute or ordinance but not when a plaintiff's claim seeks a declaration of rights under a statute or ordinance. *Id*. at *6 (citing *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011)). In *Becky*, the appellate court concluded that because the plaintiff's claims sought only an interpretation of the city's ordinances and did not challenge their validity, the city's immunity was not waived under the UDJA, and the trial court did not err in granting the plea to the jurisdiction as to the plaintiff's UDJA claims. *Id*. at*7.

Here, Robinson did not bring any UDJA claims. Thus, *Becky* is wholly inapplicable to this case. We conclude the trial court did not err in denying the City's plea to the jurisdiction based on the City's argument that is immune from Robinson's request for injunctive relief.[5]

## SECTION 1983 CLAIMS—NEGATING POLICY OR CUSTOM

In its ninth issue, the City argues the trial court erred in denying its plea to the jurisdiction because it presented undisputed evidence negating the existence of the trial court's subject-matter jurisdiction as to Robinson's federal section 1983 claims.

"Section 1983 does not grant substantive rights but, rather, provides a vehicle for a plaintiff to vindicate rights protected by the [federal] Constitution and other federal laws." *Sewell v. City of Odessa*, No. 11-19-00121-CV, 2021 WL 1706913, at \*6 (Tex. App.—Eastland Apr. 30, 2021, no pet.) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Municipalities are 'persons' within the meaning of section 1983." *Sewell*, 2021 WL 1706913, at \*6 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Therefore, municipalities do not have immunity from section 1983 claims. *Id.* (citing *Howlett v. Rose*, 496 U.S. 356, 375 (1990)).

The United States Supreme Court has held that local governments, such as the City, "may be the targets of a section 1983 action where official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution." *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984) (citing *Monell*, 436 U.S. at 694). Thus, "to establish municipal liability under

---

[5]Furthermore, as Robinson points out in her brief, "the City argues about injunctive relief under state law, ignoring that federal § 1983 claims can support injunctive relief, such as removal of the assessments and liens filed in violation of [Robinson's] federal due-process rights."

[s]ection 1983, a plaintiff must show that the municipality acted pursuant to an official policy or custom and that this action caused a violation of a particular constitutional right." *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 518 n.48 (Tex. App.—Austin 2014, no pet.) (citing *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010)).

In this issue, the City argues that the trial court erred in denying its plea to the jurisdiction because its undisputed evidence negated that a City policy or custom was responsible for depriving Robinson of her federal constitutional rights. Specifically, the City argues that Robinson's section 1983 claims "cannot be established as a matter of law" because "[n]o policy, custom, or practice of the City deprived her of any constitutional right." According to the City, its "competent summary judgment evidence negate[d] [Robinson's] ability to establish" any section 1983 claims "as [the] City followed state law procedures for notices of nuisances." However, the City does not support its argument with record citations directing us to the evidence that purportedly negates the trial court's subject-matter jurisdiction over Robinson's section 1983 claims.

The City's summary judgment evidence consists of hundreds of pages of documents. "As an appellate court, it is not our duty to perform an independent review of the summary judgment record for evidence supporting an appellant's position." *Rangel v. Texas Workforce Comm'n*, No. 04-17-00081-CV, 2017 WL 4413432, at *2 (Tex. App.—San Antonio Oct. 4, 2017, no pet.). "Rather, the duty rests with the appellant to cite to the record to support [its] argument." *Id*. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to contain "appropriate citations … to the record." *See* TEX. R. APP. P. 38.1(i). "Failure to satisfy the briefing requirements of Rule 38.1(i) waives the issue on appeal." *Rangel*, 2017 WL 4413432, at *2.

Because the City did not support its argument with appropriate citations to the record as required, we conclude that it has waived its ninth issue. *See* TEX. R. APP. P. 38.1(i).

**LIMITATIONS AS A JURISDICTIONAL REQUIREMENT**

In its second issue, the City argues that the trial court erred in denying its plea to the jurisdiction because Robinson's claims were filed after the applicable statute of limitations had expired.

Limitations is generally considered an affirmative defense and is not jurisdictional in nature. *Cato v. Texas Dep't of Criminal Justice*, No. 01-21-00099-CV, 2022 WL 3452326, at *2 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, no pet.) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010)). However, the Texas "Legislature has mandated that all statutory prerequisites to suit are jurisdictional in suits against governmental entities." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (citing TEX. GOV'T CODE § 311.034). In *Chatha*, the plaintiff sued a governmental entity for employment discrimination pursuant to state law. *Id*. at 503-04. The Texas Supreme Court held the suit was jurisdictionally barred because the plaintiff had failed to satisfy a statutory prerequisite to suit, namely, timely filing an administrative complaint with the Texas Workforce Commission in accordance with section 21.202 of the Texas Labor Code. *Id*. at 510, 514. *Chatha*'s holding was based on section 311.034 of the Texas Government Code, which states in pertinent part: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034.

The City does not direct us to any authority demonstrating that section 311.034 applies to federal claims, and we have found no such authority. Instead, our research shows the opposite. First, section 311.034 is part of Chapter 311 of the Texas Government Code, which is known as the Code Construction Act. *See* TEX. GOV'T CODE § 311.001. Chapter 311 applies to state statutes and rules adopted under state statutes. *Id*. § 311.002. Second, *Chatha* and the cases following it involve state law claims against governmental entities. *See, e.g.*, *Chatha*, 381 S.W.3d at 503

(applying section 311.034 to state employment discrimination claims); *Valero Dev. Corp. v. City of Laredo*, No. 04-21-00226-CV, 2022 WL 17332601, at *3 (Tex. App.—San Antonio Nov. 30, 2022, pet. denied) (applying section 311.034 to breach of contract, promissory estoppel, and declaratory judgment claims); *Cato*, 2022 WL 3452326, at *4 (applying section 311.034 to state constitutional claim); *Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 405 (Tex. App.—Corpus Christi-Edinburg 2020, pet. denied) (applying section 311.034 to state claims for conversion, trespass, invasion of property, fraudulent misrepresentation, and violations of the Texas constitution).

In our discussion of the City's seventh and eleventh issues, we concluded that Robinson's pleadings do not contain any fraudulent lien claims, which are state claims. Our next inquiry is whether Robinson's counterclaim pleadings contain other state claims. We do not discern any state claims in Robinson's counterclaim pleadings. Consistent with our interpretation of Robinson's pleadings, Robinson indicates in her brief that her only claims are federal claims under section 1983. Additionally, the City reasons in its opening brief that Robinson "must be bringing claims under § 1983 for federal constitutional violations." We conclude that the only claims contained in Robinson's pleadings are section 1983 claims, which are federal claims.[6]

Because Robinson's pleadings contain only federal claims, compliance with the statute of limitations is not a jurisdictional requirement. Section 311.034 and *Chatha* simply do not apply to Robinson's federal claims. Accordingly, the trial court did not err in denying the City's jurisdictional plea based on Robinson's purported failure to comply with the statute of limitations.

---

[6]In its reply brief, the City disputes that Robinson's section 1983 claims include a claim for due process violations based on the City's refusal to consider her permit applications. We express no opinion about whether Robinson's counterclaim pleadings contain this type of section 1983 claim.

**CONCLUSION**

The trial court's order denying the City's plea to the jurisdiction is affirmed.

Liza A. Rodriguez, Justice